## HODGES v. ALEXANDER.

No. 3901. Opinion Filed January 12, 1915.

(145 Pac. 809.)

1.  **APPEAL AND ERROR — Scope of Review — Discretionary Ruling—Refusal to Open Default Judgment.**  Where a trial court has refused to open a judgment by default and permit the defendant to show his defense, this court will inquire as to whether the .court has abused its discretion.

2.  **JUDGMENT—Default—Refusal to Open—Discretion.**  It is an abuse of discretion for the court to refuse to open a judgment by default where the answer presents a good defense, and the showing made by the defendant is a reasonable excuse for the absence of the defendant and his attorney at the time of trial, with no negligence on his part, and where no substantial prejudice would result from the sustaining of such motion.

3.  **APPEAL AND ERROR—Assignments of Error—Sufficiency— Denial of New Trial.**  An assignment of error that the court erred in overruling the motion for a new trial is sufficient to review all the questions raised in the .motion for a new trial.

(Syllabus by Rittenhouse, C.)

*Error from County Court, Carter·County;*

*M. F. Winfrey, Judge.*

Action by M. L. Alexander against M. L. Hodges. Judgment for plaintiff, and defendant brings error. Reversed and remanded.

*H. A. Ledbetter,* for plaintiff in error.

*W. I. Cruce* and *Thomas Norman,* for defendant in error.

Opinion by RITTENHOUSE, C.   The assignment of error relied upon in this case is the irregularity of the trial court in the rendition of the judgment which ordinary prudence could not have prevented.  Bill of particulars was filed in the justice court, the defendant appeared and filed answer, trial was had and judgment rendered; subsequently the cause was appealed to the

county court. R. F. Turner was one of the attorneys for defendant. It appears that his mother, who resided in North Carolina, was very ill, and it became and was necessary for him to leave the state on that account. He therefore arranged with the judge of the county court to have all his cases continued and, relying upon this arrangement, was not present on the day of the trial, when judgment was rendered by default. Immediately upon learning that such a judgment was rendered, and within the time allowed by law, motion for a new trial was filed and evidence offered in support of the defendant's contention. Judge M. F. Winfrey, who was the presiding judge of the county court, stated that:

"Mr. Turner appeared here on Monday and asked me about the case, and I told Mr. Turner that I had continued all his cases up to that date. I supposed he would be here all the time. I knew that he had been away. His wife called me up and said Mr. Turner was away on account of his mother's sickness, and I told Mr. Turner that his cases were continued. I did not mean any future cases. He was here, and I supposed that he would be here for the remainder of the term of court."

At the same hearing R. F. Turner testified as follows:

"Q. Did you have any agreement, arrangement, or understanding with the judge of the county court, whereby your cases that you represented either the plaintiff or defendant in were to be passed for the term? A. I will state that the county judge told me, when I went away, that I— I left on an urgent message for North Carolina; I sent word, and also left word with my wife to see Mr. Matthers and Judge Winfrey, and have all the cases that I was attorney in for the term continued. She did so, at least informed me that she did; and when I returned I came to Judge Winfrey's stand in the courtroom, and I asked him what he did with the cases I was attorney in, and he said that he had continued all my cases. Q. That was after you returned from North Carolina? A. Yes, sir."

The statement of the court and the testimony of the witness Turner all agree that the cases in which Turner was attorney were continued on account of the absence of the witness Turner, who was called to North Carolina on account of the sick-

ness of his mother, and that upon his return he called upon the trial court and was informed that all his cases were continued, and, relying upon that statement, he left for McAlester on the same day, and before his return the judgment by default was rendered in this case.

There was apparently an honest misunderstanding between the court and the attorney as to what cases were continued and over what space of time the continuance was granted. It is stated by Turner that he understood that the continuance was for the term, while the trial judge understood that the continuance was only until such time as Turner might be in North Carolina on account of the sickness of his mother. Under the circumstances of this particular case, the defendant and his attorneys could not be charged with negligence; but, on the contrary, the evidence shows that the attorney exercised reasonable diligence in order to ascertain the status of his cases, and through some misunderstanding allowed judgment by default to be entered against him. Under these facts the cases of *Savage et al. v. Dinkler,* 12 Okla. 463, 72 Pac. 366, and *Linderman v. Nolan,* 16 Okla. 352, 83 Pac. 796, which are relied upon by the defendant in error, are not in point, as in those cases the defendants were guilty of negligence, while in this case the attorney had used diligence in trying to ascertain from the county judge the status of his cases, and was informed that all his cases had been continued, he understanding that the judge meant continued for the term, and, relying upon the statements of the county judge, left for McAlester and was not present when the case was called for trial. Under these circumstances, the court abused its discretion in refusing to set aside the judgment. It is said in *Utah Commercial & Savings Bank v. Trumbo,* 17 Utah, 198, 53 Pac. 1033, that:

"It is true that ordinarily the setting aside of a judgment by default rests within the sound legal discretion of the court, and the appellate court will not interfere; but where, as in this case, it is made clearly to appear that there was such an abuse of discretion, through inadvertence or otherwise, as to render

the action erroneous and unlawful, the appellate court will control such discretion, and set aside the illegal action."

*Chicago, Rock Island & P. Ry. Co. v. Eastham,* 26 Okla. 605, 110 Pac. 887, 30 L. R. A. (N. S.) 740; *Chicago, Rock Island & P. Ry. Co. v. Reese,* 26 Okla. 613, 110 Pac. 1071; *Hill v. Crump,* 24 Ind. 291; *Alvord et al. v. Gere,* 10 Ind. 385; *Poff v. Lockridge,* 22 Okla. 462, 98 Pac. 427; *Watson v. San Francisco R. Co.,* 41 Cal. 17; *Craig v. Smith,* 65 Mo. 536; *Citizens' Nat. Bank v. Branden,* 19 N. D. 489, 126 N. W. 102, 27 L. R. A. (N. S.) 858; 17 Am. & Eng. Enc. of Law, p. 844; 23 Cyc. 933 *et seq.; Nash v. Denton,* 51 Pac. 896.

The motion set forth in detail the grounds for a new trial, showing clearly that the substantial rights of the defendant were materially affected by the irregularity of the court by which the defendant was prevented from having a fair trial on the merits, and by reason of such irregularities the defendant was prevented from having a hearing which ordinary prudence could not have prevented. The error complained of was one occurring at the trial, and the assignment of error that the court erred in overruling the motion for a new trial is sufficient to present the question to this court for review. *De Vitt et al. v. City of El Reno,* 28 Okla. 315, 114 Pac. 253; *Walter A. Wood Mowing & Reaping Co. v. Farnham,* 1 Okla. 375, 33 Pac. 867; *Richardson v. Mackay,* 4 Okla. 328, 46 Pac. 546; *Board of County Com'rs v. Jones,* 4 Okla. 341, 51 Pac. 565; *Boyd v. Bryan,* 11 Okla. 56, 65 Pac. 940; *C., R. I. & P. Ry. Co. v. Davis,* 26 Okla. 434, 109 Pac. 214; *Id.,* 101 Pac. 1118; *Glaser v. Glaser,* 13 Okla. 389, 74 Pac. 944.

The cause should therefore be reversed and remanded.

By the Court: It is so ordered.