## CARTER v. GRIMMETT.

No. 11030—Opinion Filed March 13, 1923.

(Syllabus.)

1. Pleading—Petition — Sufficiency on General Demurrer.

Where a petition is challenged by general demurrer, the same will be liberally construed in favor of the pleader, and if any facts are stated which entitle the pleader to any relief, the demurrer will be overruled.

2. Judgment—Vacation After Term.

Subdivision 7 of section 5267, Rev. Laws 1910, authorizes the district courts of this state to vacate a judgment subsequent to the term at which it was rendered "for unavoidable casualty or misfortune, preventing the party from prosecuting or defending."

3. Judgment — Default — Vacation—Misinformation as to Time of Trial.

It is the policy of the law to afford every party to an action a fair opportunity to present his side of a cause, and while it is true the courts must require diligence on the part of litigants in being present when cases in which they are interested are being proceeded with, nevertheless, if the court or an officer of the court by his conduct has misled parties as to the time cases will be tried, the absence of such parties will be excused. Record examined, and held, the petition to vacate the judgment states facts sufficient to entitle the defendant to relief.

Error from District Court, Craig County; A. C. Brewster, Judge.

Action by Sam Grimmett, minor, by next friend, against John H. Carter for possession of land and to quiet title. Judgment by default for plaintiff. Defendant filed petition to vacate. Plaintiff filed demurrer to petition to vacate judgment, which was sustained. Defendant brings error. Reversed and remanded, with directions.

Robert J. Boone (W. P. Thompson, A. J. Jones, and L. W. Mason, of counsel), for plaintiff in error.

W. H. Kisner and Rainey & Flynn, for defendant in error.

KENNAMER, J. The defendant in error, Sam Grimmett, instituted this action in the district court of Craig county on the 17th day of November, 1916, against John H. Carter, defendant, to recover possession of 80 acres of land, to quiet title, and for rents and profits. The defendant filed a demurrer to the plaintiff's petition, which was heard and overruled on the 21st day of June, 1917, and the defendant given five days to answer. It appears from the record the demurrer was acted upon by the court in the absence of the defendant and his counsel.

The cause was by order of the court set for trial on the 6th day of July, 1917, and on this date judgment by default was rendered against the defendant and title to the land quieted in the plaintiff. On the 29th day of May, 1918, the defendant filed in the case a petition to vacate the judgment. The plaintiff filed a general demurrer to this petition, which was by the court sustained on the 5th day of May, 1919.

It is to reverse the order of the court sustaining the demurrer to the petition to vacate the judgment that this appeal is prosecuted. We deem it unnecessary to set out the petition to vacate the judgment, as

we have carefully examined it and are of the opinion the order of the trial court in sustaining the demurrer must be reversed. The demurrer admits the truth of the allegations of the petition. The petition must be liberally construed in favor of the pleader for the purpose of the demurrer. If the petition states any facts entitling the defendant to any relief, it was error to sustain the general demurrer. Schreiner v. City Nat. Bank of McAlester et al., 76 Okla. 76, 183 Pac. 905.

The petition to vacate the judgment alleged that the court made an order on the 22nd day of June, 1917. directing the clerk to notify the entire bar that at 1:30 p. m. the entire docket would be reset for trial, but that counsel for the defendant was not notified. It is alleged that, although counsel had filed a pleading in the case, his name did not appear on the civil appearance docket as attorney of record for the defendant, and for that reason no printed docket of the setting of the cases was mailed to counsel for the defendant. The petition contained the following allegation as to the case being dismissed by the trial court:

"There appears the following entry: 'No: 2041, Sam Grimmett v. John H. Carter; set for trial, reached and called and no one appearing to prosecute action, cause is dismissed by the court at plaintiff's costs without prejudice.'

"That subsequent to the entry of the said order, upon inquiry at the clerk's office, the clerk of this court notified the attorney for the defendant in writing that the cause had been dismissed by the court at plaintiff's costs without prejudice, and therefore no further attention was given to the matter until a suit was filed against the defendant's tenant to oust him of possession, claiming fee-simple title to the property."

The demurrer admitted this allegation as being true. If the allegation is true, there can be no doubt but what the judgment should be vacated, for the court would be without power to reinstate the case and render judgment without notice to the defendant. The 7th subdivision of section 5267, Rev. Laws 1910, provides, in granting to district courts jurisdiction to review their own judgments after term time, as follows: "For unavoidable casualty or misfortune, preventing the party from prosecuting or defending." The petition of the defendant was verified and tendered an answer to the court which pleads a good defense to the action. The answer discloses that the defendant had purchased the lands involved in the action at a sale made by the legal guardian of the plaintiff under proper orders of the probate court.

It is the policy of the law to afford every party to an action a fair opportunity to present his side of the case, and while it is true the courts must require diligence on the part of litigants in being present when cases in which they are interested are being proceeded with, nevertheless, if the court or an officer of the court by his conduct misleads parties as to the time cases will be acted upon. the absence of such parties will be excused. Anderson v. Graham, 87 Okla. 278, 210 Pac. 281.

The order of the court sustaining the demurrer to the petition is reversed, and cause remanded to the district court of Craig county, with directions to overrule the demurrer and proceed to hear the petition on the merits.

JOHNSON, V. C. J., and McNEILL, NICHOLSON, COCHRAN, and BRANSON, JJ., concur.