## SHULER v. VIGER et al.

No. 14038—Opinion Filed June 24, 1924.

Rehearing Denied Oct. 7, 1924.

### Appeal and Error—Abuse of Discretion—Refusal to Vacate Default Judgment.

What constitutes abuse of discretion on the part of the trial court in refusing to set aside a default judgment is dependent on the facts and circumstances surrounding each individual case. On appeal from such order this court will examine the record and determine therefrom if such discretion has been abused. Evidence in the present case examined and refusal held to constitute an abuse of discretion.

(Syllabus by Pinkham C.)

Commissioners' Opinion, Division No. 5.

Error from District Court, Tulsa County; W. B. Williams, Judge.

Action by F. G. Viger and C. D. Hughes against Isaac Shuler. From default judgment in favor of the plaintiffs, defendant brings error. Reversed.

C. R. Nixon, for plaintiff in error.

F. G. Viger and F. E. Riddle, for defendants in error.

Opinion by PINKHAM, C. The plaintiff in error, Isaac Shuler, was the defendant in the trial court, and the defendants in error, F. G. Viger and C. D. Hughes, were the plaintiffs, and will be referred to as they appeared in the trial court.

The plaintiffs alleged in their petition that on and prior to August 4, 1919, the defendant, Isaac Shuler, was the owner of a certain string of standard tools for the drilling of oil wells, and that acting by and through his authorized agent, T. A. Simpson, he agreed orally with the plaintiffs that if the plaintiffs would sell the tools for the sum of $10,000, net for the defendant, or would find a purchaser for the same for that amount, they might retain any amount over and above said amount of $10,000, as their commission for making said sale.

Plaintiffs further alleged that they found one Stanley of Vernon, Tex., who purchased said tools for the sum of $15,000, which amount was paid by the said Stanley to the defendant, Shuler, and that the defendant paid the sum of $1,000 to the plaintiffs, which amount has been credited upon the amount due said plaintiffs by defendant, and that said defendant is now indebted to said plaintiffs in the sum of $4,000, the balance due under said contract, together with interest thereon.

The defendant, by his attorney, W. D.

Abbott, filed a verified answer on the 9th day of October, 1920, denying that he authorized said T. A. Simpson to negotiate the sale of said tools on the basis of $10,000 net to the defendant, Shuler.

The defendant admits that he personally sold the tools to the said Stanley for the sum of $15,000, and that he paid the plaintiffs herein the sum of $1,000 and the sum of $500 to the said Simpson, which sums were received by them in full for all services rendered or claimed to have been rendered by them or either of them in connection with the sale of the tools aforesaid, and further denies each and every material allegation contained in plaintiffs' petition.

An unverified reply was filed by the attorneys for the plaintiffs, denying the allegations of defendant's answer.

On the 20th day of March, 1922, the plaintiffs, by their attorney of record, took a default judgment in said cause for the sum of $4,000, the amount prayed for in the petition, together with interest at the rate of 6 per cent. from the 28th day of August, 1919.

On the 29th day of May, 1922, the defendant filed a petition to vacate said judgment, alleging that said judgment was void for the reasons set out in said motion.

The cause was called to trial on the motion to vacate the judgment on the 24th day of June, 1922, and the defendant Isaac Shuler, appeared in person and the plaintiffs by their attorney of record.

The court, after hearing the evidence introduced on behalf of both parties, upon motion of attorney for the plaintiffs for judgment on the petition and evidence for the reason that said defendant had shown no legal grounds for vacating and setting aside the judgment rendered in this case, sustained the said motion.

To review the action of the trial court the defendant has set out a number of assignments of error, the first of which is that the court erred "in holding that there was negligence on the part of the defendant, Isaac Shuler, in failing to employ other counsel to represent him in this case."

Upon the hearing of defendant's motion to set aside the default judgment Mr. Abbott stated that he had been the attorney for Mr. Shuler for a number of years; that in 1921 he represented the defendant in two cases, one in the federal court and the other the instant case; that the case in the federal court, which had been continued a time or two, was set for trial

in September, 1921; that Mr. Shuler was sick and confined to his bed and that it became necessary to make application for a continuance, and that as he could not consult with his client, he stipulated with the attorney on the other side that the case— the one in the federal court—should be continued until that court convened at Hugo the following month; that he agreed that Mr. Shuler would pay the costs incident to bringing the witnesses from Texas; that in a general way he learned that Mr. Shuler felt that such agreement was unjust in that he, Shuler, should pay the costs, and to a certain extent the witness felt that Mr. Shuler was dissatisfied with the way he had handled the case; that he asked Mr. Shuler to come to his office, which he did, and that they had a perfectly friendly discussion of the matter; that he told Mr. Shuler that he felt he should have other counsel to represent him in these cases, which Mr. Shuler stated he would do so, and asked him, the witness, to handle some title matters, which the witness agreed to do.

Mr. Abbott further stated that the case in the federal court was the one Mr. Shuler was anxious about at that time, as it looked as though it would be forced to trial the first of the month; that that was the thing talked about, and that afterwards Mr. Shuler sent an attorney to the witness' office, who got the office copies of the case in the federal court, but that Mr. Shuler did not get the files in the present case from his office.

This witness further stated that he was not clear that the other case, meaning the instant case, was mentioned by name.

Mr. Shuler testified that he had employed W. B. Abbott as his attorney to represent him in this matter and that so far as he was concerned Mr. Abbott still remained his attorney through the entire litigation. Mr. Shuler testified that he had a conversation with Mr. Abbott with reference to the federal court case, and that as he remembered it Mr. Abbott told him that he was so busy he couldn't look after the federal court case properly, and advised him to get other counsel in that case, and, further, that the question concerning the instant case was never discussed; that he did not secure any other counsel in the Viger and Hughes case; that he had no notice in any way that the Viger and Hughes case was set for trial and that he was absent from the state at the time the default judgment was entered, and that as soon as he learned of the default judgment he immediately employed counsel to have that judgment

vacated, and that he never had any idea that Mr. Abbott did not represent him in the Viger and Hughes case.

The only evidence introduced by the plaintiffs on the hearing of the motion to set aside the default judgment was the introduction of copies of the "Daily Legal News," for the purpose of showing that the case of Viger and Hughes v. Shuler was published for two weeks prior to the time the case was heard. It appears that this paper is not an official publication and not in general circulation. The evidence further shows that the defendant never saw this paper.

While it is apparent that Mr. Abbott believed that his services in that case in which he had filed an answer on behalf of the defendant had terminated, it is, we think, equally clear that the defendant believed and was entitled to believe that Mr. Abbott still represented him in that case and would notify him when the case came on for trial. In other words, there was apparently an honest misunderstanding between the defendant and his attorney with reference to the relationship of attorney and client so far as the case in which the default judgment was rendered is concerned. It is hardly conceivable that a man of large business experience, such as it appears the defendant was, would deliberately permit a judgment of more than $4,000 to go against him by default in view of the verified answer to plaintiffs' petition, which, it must be conceded, stated a good and meritorious defense.

If the defendant was guilty of negligence in this respect, it was, we think, excusable negligence. It appears that as soon as he learned that Mr. Abbott had withdrawn from his case, thereby permitting a default judgment to be entered against him, he took immediate steps to have the same set aside.

Cases of this character depend very largely upon their own facts. We are constrained to say that a judgment against the defendant for a considerable sum of money under all the circumstances of the case would operate as an injustice and that the refusal of the court to open the default in view of the evidence disclosed in this record and permit the defendant to defend the action was such an abuse of judicial discretion as to constitute reversible error.

It is said in the case of Hodges v. Alexander, 44 Okla. 598, 145 Pac. 809, that:

"Where the trial court has refused to open a judgment by default and permit the defendant to show his defense, this court will inquire as to whether the court has abused its discretion.

"It is an abuse of discretion for the court to refuse to open a judgment by default where the answer presents a good defense and the showing made by the defendant is a reasonable excuse for the absence of the defendant and his attorney at the time of the trial, with no negligence on his part and where no substantial prejudice would result from the sustaining of such motion."

In the case of Nash v. Treat, 45 Mont. 250, 122 Pac. 745, it is said:

"While the courts should adhere to the rule that a party who has suffered a default ought not to have relief except upon showing a substantial excuse for his apparent negligence, because the adverse party is justly entitled to the advantage which he has secured by the default, yet they should not indulge in refined distinctions or assign importance to matters from which might result a denial of justice. Each case must be determined upon its own facts, and when the motion is made promptly and is supported by a showing which leaves the court in doubt or upon which reasonable minds might reach different conclusions, the doubt should be resolved in favor of the motion."

Our judicial system is based upon the fair and just theory that every party to a lawsuit should be given an opportunity to be heard. Every litigant is entitled to his day in court. It is the policy of the law and courts of Oklahoma to allow each litigant the right to be heard upon the merits of his cause free from mechanical pitfalls. McLaughlin v. Nettleton, 69 Okla. 74, 183 Pac. 416.

After a careful examination of the evidence, we think the petition to set aside the default judgment entered on the 9th day of October, 1920, should be sustained and said judgment set aside and the cause heard on its merits.

We are therefore of the opinion that this cause should be reversed and remanded, with directions to the trial court to proceed in accordance with the views herein expressed.

By the Court: It is so ordered.