## FIRST NATIONAL BANK of OKMULGEE v. KERR.

No. 20551.   July 12, 1933.

Rehearing Denied Sept. 12, 1933.

· Charles A. Dickson and Joseph J. Rosenbloom, for plaintiff in error.

·Joseph C. Stone, Charles A. Moon, and Francis Stewart, for defendant in error.

· WELCH, J. On December 17, 1928, the First National Bank of Okmulgee, Okla., commenced suit in the district court of Muskogee county, Okla., against Eugene Kerr by the filing of its petition declaring upon a promissory note and seeking judgment in the sum of $36,000, with interest and attorney's fees. On January 17, 1929, the defendant filed his motion to make the petition more definite and certain, and on January 22, 1929, without any action having been taken by the court on the motion, the defendant filed his answer and cross-petition wherein he admits the execution of the note sued upon, but alleges that same was executed and delivered without consideration, and that same was made purely for the accommodation of the plaintiff. On February 2, 1929, plaintiff filed its demurrer, thereby attacking certain portions of the defendant's answer. The attorneys stipulated for trial at the convenience of the court on February 6th, 7th, or 8th. Trial was set for February 8th before Judge Vernor, in whose division the cause was pending. He made an order on February 5th transferring the cause to Judge Crump's division for trial on February 8th. Both the stipulation and order were filed February 7th, however.

On February 8th the cause was called for trial. Neither plaintiff nor its attorneys appeared. The defendant appeared and demanded trial. The trial judge, taking the view that the plaintiff and its attorneys had notice and should be present, acceded to defendant's demand for trial, proceeded to overrule plaintiff's demurrer to defendant's answer as frivolous, heard defendant's evidence and rendered judgment for defendant, canceling the notes sued on by plaintiff.

On the following day, February 9th, the plaintiff filed its motion to vacate this default judgment and for new trial, upon the grounds of:

"Accident and surprise which ordinary prudence could not have guarded against as shown by the record herein and supported by affidavits hereunto annexed, as a result of which plaintiff and his counsel were unable to prepare said cause and get to trial on said date and appear at said trial.

"Unavoidable casualty or misfortune preventing the plaintiff from prosecuting its cause of action herein as shown by the record and annexed affidavits."

This motion is supported by lengthy affidavits sworn to by two attorneys for plaintiff, by the stenographer, and by the liquidating agent of the plaintiff bank.

The defendant filed response to plaintiff's motion which generally and in detail denied the contentions of plaintiff, and sought to show that plaintiff was absent from the trial without excusable cause. The response is supported by affidavits of the attorney for defendant, the stenographer, and there is also the affidavit of Honorable Enloe V. Vernor, district judge, in whose division the cause was first pending, and other affidavits.

The trial court heard this motion and made its order overruling the same. The

plaintiff moved to vacate this order and for new trial, which motion was also overruled, and the plaintiff appeals.

Our conclusion must depend upon a determination of the question presented under plaintiff's proposition No. 1, to wit:

"That the trial court erred, upon this record, in not vacating the default judgment of February 8, 1929, and granting plaintiff a new trial."

In Hodges v. Alexander, 44 Okla. 598, 145 P. 809, this court held:

"Where a trial court has refused to open a judgment by default and permit the defendant to show his defense, this court will inquire as to whether the court has abused its discretion.

"It is an abuse of discretion for the court to refuse to open a judgment by default where the answer presents a good defense, and the showing made by the defendant is a reasonable excuse for the absence of the defendant and his attorney at the time of trial, with no negligence on his part, and where no substantial prejudice would result from the sustaining of such motion."

To the same effect is Boaz v. Martin, 101 Okla. 243, 225 P. 516, and Shuler v. Viger, 123 Okla. 110, 252 P. 18; Id., 103 Okla. 129, 229 P. 280.

In Carter v. Grimmett, 89 Okla. 37, 213 P. 732, this court held in the third syllabus paragraph as follows:

"It is the policy of the law to afford every party to an action a fair opportunity to present his side of a cause, and while it is true the courts must require diligence on the part of litigants in being present when cases in which they are interested are being proceeded with, nevertheless, if the court or an officer of the court by his conduct has misled parties as to the time cases will be tried, the absence of such parties will be excused. Record examined, and held, the petition to vacate the judgment states facts sufficient to entitle the defendant to relief."

To the same effect is Hale, Trustee, v. McIntosh, 116 Okla. 40, 243 P. 157.

It is impracticable herein to undertake to review in detail all of the contents of the various affidavits which became a part of the record in this case, by reason of the great length thereof, but the gist of same appears to be that in the transferring of the cause from Judge Vernor's division of the district court to Judge Crump's division, Judge Vernor did not intend that the trial date of the cause, February 8th, should be disturbed or changed, but that plaintiff's attorneys requested or suggested that the same be stricken from the trial docket for

that day, and honestly and in good faith believed that the same had been acquiesced in by Judge Vernor, who was making the transfer order. The evidence is in sharp conflict as to what was said in connection with the transfer of the cause. The trial court found, in denying plaintiff's motion for new trial, that Judge Vernor did not accede to the plaintiff's request to strike the case from the trial docket for February 8th, but, whatever was actually said and done, the record presents a strong showing that the plaintiff's attorneys honestly and in good faith believed that the case was being transferred from Judge Vernor's court and stricken from the trial docket for February 8th. This is supported by acts and statements and letters of plaintiff's attorney written after Judge Vernor had directed the transfer, but before the transfer order was actually filed, which was on February 7th. The record shows that on February 7th defendant's attorneys ascertained that plaintiff's attorneys were under the impression that the case would not be tried on February 8th, and thereafter defendant's attorneys were most diligent in their efforts to procure trial on the 8th. Defendant's attorneys conversed with Judge Vernor, called one of plaintiff's attorneys by telephone, and endeavored to reach another of plaintiff's attorneys by telephone. There was a long distance telephone conversation between Judge Vernor and one of plaintiff's attorneys. The defendant's attorney wrote letters to both of plaintiff's attorneys, and to plaintiff's liquidating agent, advising that he would insist upon trial the following day, and on the morning of the 8th there was a telephone conversation between plaintiff's attorney and Hon. W. J. Crump, the trial judge, in which plaintiff sought to have the cause stricken from the trial docket for that day, but the request was denied. In denying the motion for new trial the trial court found that between the time plaintiff's attorney had conversed with the judge on the morning of February 8th and the time the cause was actually reached for trial on that day, the said attorney could have journeyed from his home town to Muskogee so as to be present at the trial, though there is some showing on the part of the plaintiff that he could not have done so under the special existing circumstances.

In determining a question of the nature herein presented, the court must in most cases view the matter in the light of the particular facts in each case. There is nothing here to indicate that plaintiff did not join defendant in a desire for an early trial of the cause. The plaintiff's attorneys might have been at fault in failing to know

and understand that the setting of the case for trial on February 8th would stand. However, the facts strongly indicate that plaintiff's attorneys, Mr. Rosenbloom and Mr. Dickson, were laboring under the honest impression and belief that the cause had been stricken from the February 8, 1929, trial assignment, and that it would not be tried on that date. It is not unfair to conclude that this impression obtained until the morning of February 7th. It appears that on this latter date Mr. Dickson could not be reached or notified, the plaintiff's liquidating agent could not be reached and notified, and that the plaintiff and its attorneys, under the facts herein, could not reasonably have been prepared for trial on the morning of the following day. We note the positive statement of Judge Vernor that he did not agree to strike the cause from the February 8th assignment, and it appears that the confusion in this regard was the result of an honest misunderstanding between Judge Vernor, Mr. Rosenbloom, and Mr. Dickson, and while it is true that diligence of attorneys and litigants in attending to their matters pending in the courts is of importance, and while it is an important function of the trial courts that the litigation before them be determined and disposed of as rapidly as possible, it is of more importance that all of the litigants be given a reasonable opportunity to have their day in court, and to have their rights and liabilities tried upon the merits, for the latter is and should be the primary right of the parties and duty of the courts. In the instant case a jury had been waived and the matter was triable to the court, and the case was set specially for trial. The record does not disclose or indicate any reason why the vacating of the judgment and granting a new trial would have seriously delayed or hampered the court in the conduct of its business, or that any injustice would have been done the defendant thereby. It being of primary importance that the rights of the litigants in the trial court be determined upon the merits of the case, the courts should always be loath to deny such a determination by reason of the actual or supposed fault of the attorney of one of the parties litigant. Especially is this true where issue of fact has been joined by appropriate pleadings showing a cause of action of apparent merit on the part of the plaintiff, and a defense of contended merit on the part of the defendant. We do not now pass upon the sufficiency of the pleadings, as they must be considered by the trial court in the retrial of this cause.

When attorneys of record are guilty of serious misconduct in failing to attend upon the courts when required to do so by their duty, or the court's order, such attorneys may be proceeded against for contempt. In many cases it is also true that a litigant must suffer loss resulting from the fault or negligence of the attorneys chosen and selected by the litigant as his representative. But, in order to sustain a default judgment, where a substantial sum is involved, upon the fault or negligence of the attorney for the losing party, such fault or negligence must be grave or serious in character and must be most clearly shown, or it must clearly appear that the fault or negligence, and the circumstances of the case, are such as to require that the judgment be sustained in order to prevent a manifest injustice. There is no such showing in this case.

We, therefore, hold that, under the facts in this case, neither the plaintiff nor its attorneys can be held guilty of such negligence as would justify the sustaining of the default judgment rendered herein. We hold that the record shows that plaintiff's failure to appear at the trial was the result of an honest misunderstanding on the part of its attorneys, and that this case comes within the rule announced in Anderson v. Graham, 87 Okla. 278, 210 P. 281, and in Hodges v. Alexander, supra, and presents an abuse of discretion requiring a reversal. To hold otherwise would be equivalent to our saying that Mr. Rosenbloom and Mr. Dickson did not honestly believe from their conversation with Judge Vernor of February 4th that the February 8th trial assignment would be stricken. This is not justified by the record. Having reached the above conclusions, we do not pass upon the other questions raised herein.

The order of the trial court refusing to vacate its judgment of February 8, 1929, and to grant plaintiff a new trial, is hereby vacated and set aside, and the cause is remanded, with instructions to the trial court to vacate the judgment of February 8, 1929, and to grant plaintiff a new trial, and to hear plaintiff's demurrer to the defendant's answer and pass upon the same, and to proceed thereafter to an orderly disposition of the cause.

RILEY, C. J., CULLISON, V. C. J., and SWINDALL, OSBORN, and BUSBY, JJ., concur. ANDREWS, McNEILL, and BAYLESS, JJ., absent.