## STANDARD v. FISHER.

No. 22444.   Sept. 11, 1934.

A. M. Baldwin, for plaintiff in error.

Chas. E. Wells and Reily & Reily, for defendant in error.

McNEILL, J.   This appeal relates to vacating a default judgment.

It appears that on October 28, 1926, J. W. Standard, plaintiff in error herein, instituted an action, No. 10331, in the district court of Pottawatomie county against J. C. Fisher and J. W. Jones, alleging in substance that on or about May 13, 1920, said plaintiff borrowed from said defendants the sum of $2,000 and executed his note as evidence of said indebtedness; that said defendants demanded, reserved, and charged usurious interest, and plaintiff sought judgment for double the interest so charged, reserved, and demanded.

On December 22, 1926, the defendants filed a demurrer to said petition, which came on for hearing before the Honorable Hal Johnson, judge of the district court of said county, which was overruled on May 14, 1928. Thereafter, on October 27, 1930, the Honorable W. G. Long, assigned district judge, rendered judgment in accordance with the prayer of plaintiff's petition against said defendants, and declared them in default. On November 29, 1930, execution was issued on said judgment.

On January 2, 1931, J. C. Fisher, defendant in that action, defendant in error herein, filed a petition to vacate said judgment and recall said execution, reciting that the action was filed by J. W. Standard against himself and his codefendant, J. W. Jones, on account of usury alleged to have been taken, received, and reserved by said defendants from said J. W. Standard. In the petition to vacate it was also alleged that said defendants filed their demurrer to said petition on the ground that it did not state facts sufficient to constitute a cause of action and that the petition showed upon its face that said cause of action was barred by the statutes of limitation; and, also, that there was a defect of parties plaintiff, in that a joint maker of the note, being a necessary party, was not made a party in that action. Said petition also recited the rendition of said judgment by default, and alleged that, subsequent to the filing of said demurrer, the same was presented to the Honorable Hal Johnson, the regularly elected, qualified, and acting judge of said

court, and that, upon the presentation of said demurrer, Judge Johnson indicated that said demurrer ought to be sustained, principally upon the ground that the proper parties plaintiff were not joined in said action, and that the plaintiff, J. W. Standard, could not recover in said action, as it was a joint and several action; that counsel for plaintiff stated, in substance, that he desired to present authorities to the court to sustain his position; that he would serve copies of his authorities on defendants' attorneys; and that said hearing was continued indefinitely without an order setting same for any particular date.

It was further alleged that no authorities were ever furnished to defendants or their attorneys, and that no notice was ever given by counsel for plaintiff; that said attorneys for said defendants relied upon the statement in open court that such authorities would be furnished to them, and in good faith believed that no further hearing would be had upon said demurrer until authorities were submitted to them by plaintiff's counsel; that, notwthstanding said request of the court that counsel for plaintiff serve copies of his authorities upon defendants' attorneys, said counsel, for the purposes of imposing upon the court and deceiving the assigned judge, on October 27, 1930, and in the absence of defendants' counsel and without calling the attention of the assigned judge to the fact that said demurrer had been passed upon inadvertently by Judge Johnson, wrongfully induced said assigned judge to have the defendant Fisher adjudged in default and to render judgment against said Fisher for approximately the sum of $2,400.

The petition also alleged that said judgment is void and should also be set aside for the reason that fraud had been practiced upon the court in obtaining the judgment; that plaintiff, being defendant in said action No. 10331, has a good and valid defense, and that, if permitted to do so, will show that the defendant did not receive, reserve, or charge any usurious interest, and that said transaction was legitimate and within the law.

Plaintiff tendered his answer to said petition in cause No. 10331, showing that he was not indebted to plaintiff therein in any sum whatsoever, and further alleged that by reason of the judgment which was obtained by fraud, sharp practice, and imposition upon the court constituted a fraud upon the court and mistake, neglect, and omission on the part of the clerk so as to entitle said defendant to have said judgment vacated,

and such action constituted an unavoidable casualty and misfortune to entitle plaintiff to have said judgment vacated and set aside.

It appears from the testimony of Judge Johnson that at the time said demurrer was argued, he directed both parties to submit authorities; that he was in doubt as to the correct ruling, but was of the opinion that the demurrer should be sustained on the ground of nonjoinder of necessary parties, and that the wife of plaintiff, one of the makers of the note, was a necessary party to the action, and that he had no recollection of ever passing on the demurrer, because he did not then know and at the time of the trial did not know whether the plaintiff could maintain that action alone or not, where the plaintiff was not joined by his comaker of the note in which usury was charged; that he had a distinct recollection of this case, because Mrs. Standard, one of the makers of the note, was working in his home at the time. The attorneys for the defendants testified as to the agreement in reference to submitting authorities upon the request of counsel for plaintiff.

There is also evidence that counsel for defendants had no knowledge of any judgment ever having been entered or of the overruling of the demurrer until the execution was served on one of the defendants in that action.

The court clerk testified and identified the minute docket in that case. It showed that on May 14, 1928, the demurrer was overruled and ten days were granted to plead, and opposite the entry of Standard v. Fisher appeared the figures 10939, scratched out, and then the figures 10331, a pen having been drawn through the number 10939. The trial court vacated said judgment, finding that the allegations in the petition to vacate said judgment were true.

It is apparent that counsel had entered into an agreement in open court in reference to submitting authorities to the trial court upon the demurrer which had been filed, and that a further hearing upon said demurrer was within the contemplation of the parties. It appears reasonable to conclude that the entry made in the minute docket, which shows upon its face an alteration, was doubtless inadvertently made. We cannot sanction the upholding of a default judgment entered in the instant case. It would not promote the ends of justice, and there was no abuse of discretion in setting aside said judgment by default. Counsel for plaintiff do not deny that the agree-

ment was made in open court relative to furnishing authorities to the trial court. His testimony does not refute this fact, but is to the effect that he did not remember making the agreement.

Default judgments are never viewed with favor. Litigated questions should be tried on their merits. Lovejoy v. Stutsman, 46 Okla. 122, 148 P. 175; Lott v. Kansas-Osage Gas Co., 139 Okla. 6, 281 P. 297. An application to set aside the default judgment, which has been filed after the term at which the judgment is rendered, is addressed to the sound legal discretion of the trial court, and each case to a marked degree must depend upon its own facts and circumstances. In such case the granting or refusing to **grant relief is largely a matter of discretion** on the part of the trial court, which discretion seldom will be interfered with on **appeal, but that discretion should always** be exercised to promote the ends of justice.

This is an equitable action, and it appears that the trial court has very properly applied equitable and statutory grounds for the vacation of said judgment. There is sufficient evidence to sustain the finding of the trial court. There is no prejudicial error or abuse of discretion in the judgment rendered.

Judgment affirmed.

RILEY, C. J., and SWINDALL, BAYLESS, and WELCH, JJ., concur.