**SABIN et ux. v. SUNSET GARDENS CO.**

No. 28396.   Nov. 15, 1938.

Rehearing Denied Dec. 13, 1938.

J. J. Henderson, for plaintiffs in error.

W. D. Woolley and Barns McCain, for defendant in error.

CORN, J. This is an appeal from a judgment overruling plaintiffs in error's motion to vacate a default judgment rendered in the common pleas court of Tulsa county. Hereafter we shall refer to the parties as they appeared in the trial court. The facts are substantially as follows:

Plaintiff brought suit on a promissory note executed by defendants October 10, 1935, in amount of $464.85, due October 10, 1936. Defendants filed an unverified answer denying every allegation of plaintiff's petition, and denying any indebtedness. The cause was set for hearing, and May 21, 1937, defendants not appearing, the court rendered default judgment in favor of plaintiff.

Thereafter defendants filed motion to vacate such judgment, and later filed amended motion, stating they were prevented from defending by accident and surprise, by reason of a conversation with the trial court, at which time the court stated the cause would not be heard during defendant Bertha Sabin's absence in Washington. Defendants further alleged they had a good defense, by reason of an alleged contemporaneous written agreement made at the time of execution of the note in question which presented a meritorious defense.

The five assignments of error offered by defendants as grounds for reversal are presented generally without reference to any particular assignment of error. For this reason we shall deal principally with the question of whether defendants were prevented from defending in the lower court by reason of accident, surprise, or inadvertency caused by the trial court as to the time when the case would be heard.

The evidence offered by defendant was that she knew she was to be away at the time of trial, and asked the trial court not to call the matter up during her absence. The evidence also showed defendant did not leave the city at the time she had specified, but the trial court told her the matter would not be set before the 20th. It should be noted at this point that both defendant and her husband had been joined as defendants; that defendant had filed

her own answer in the suit brought against her, and had apparently made no attempt to employ counsel to represent her.

Defendants' contention is that they were sufficiently diligent in watching proceedings, and, being honestly misled as to the trial date, it was unavoidable casualty which prevented them from being at the trial. Supporting their position, they cite cases from this jurisdiction holding that it is the policy of the law to afford every litigant an opportunity to present his case, and that it is an abuse of discretion for a trial court to refuse to open a default judgment where there is sufficient showing of reasonable excuse for absence. Citing First National Bank of Okmulgee v. Kerr, 165 Okla. 16, 24 P.2d 985; Hodges v. Alexander, 44 Okla. 598, 145 P. 809. and Carter v. Grimmett, 89 Okla. 37, 213 P. 732.

Such is undoubtedly a proper statement of the law as announced in those decisions, and the rule has been reaffirmed by later decisions. However. by offering this argument defendants present the sole question which must be passed upon in deciding this appeal, which is. Was the reason for their absence from the trial such as could be termed an unavoidable casualty? Cotton v. Harris. 108 Okla. 203, 235 P. 607. 7 Words and Phrases, Third Series, 672, defines 'unavoidable casualty" as follows:

"An 'unavoidable casualty' is the happening or non-happening of an event that cannot be avoided."

Probably the most extensive discussion of this problem is found in the case of Wagner v. Lucas, 79 Okla. 231, 193 P. 421. which declares "unavoidable casualty" to be that which human prudence or foresight could not prevent. or an event or casualty happening against the will and without the negligence or default of a party. The decisions from this court are uniform in holding unavoidable casualty or misfortune is present only in those cases which ordinary prudence could not prevent. Ignorance, carelessness, mistake, and negligence are nowhere held to be sufficient.

It then becomes necessary for us to determine whether the defendants' claim of unavoidable casualty, considering the facts as revealed by the record, is sufficient to place defendants' claim within the exception under the rules laid down above.

The record reveals both defendants were served in the action; defendant Florence Sabin filed her own answer and did not employ counsel, and knew the case was to be set down after May 20, 1937. Knowing these things, defendant Florence Sabin now claims there was unavoidable casualty in not defending this suit, because her private business detained her in another city until after the time the trial court rendered its judgment on May 21, 1937.

In the recent case of Schuman v. Sternberg, 179 Okla. 115, 65 P.2d 410, paragraph 2 of the syllabus, states as follows:

"In a proceeding to vacate a judgment on the grounds of unavoidable casualty and misfortune, it must appear that the complaining party is not guilty of negligence in allowing such default to be taken, and that no reasonable or proper diligence or care could have prevented the trial or judgment."

See, also, Mid-Texas Petroleum Co. v. Western Lumber & Hardware Co., 175 Okla. 260, 52 P.2d 15.

After consideration of the record, we find nothing to indicate an abuse of discretion by the trial court in overruling defendants' motion to vacate the judgment in question.

Judgment affirmed.

OSBORN. C. J.. and GIBSON, HURST, and DAVISON, JJ., concur.