HASKELL v. CUTLER.

No. 29947.   Dec. 10, 1940.

*108 P. 2d 146.*

Mills & Cohen, of Tulsa, for plaintiff in error.

Hudson & Hudson, of Tulsa, for defendant in error.

PER CURIAM.   On the 26th day of July, 1937, the plaintiff filed his action against the defendant seeking to obtain damages for the breach of a contract for services as an attorney. An answer was filed on behalf of the defendant. This answer was a general denial unverified. On the 28th day of March, 1940, a judgment was rendered for the plaintiff for $2,000, and the same was declared to be a lien against the real property of the defendant.

On the 19th day of April, 1940, the defendant filed a verified petition to vacate the judgment, and therein alleged that the action was filed while she was a resident in Tulsa; that the case was continued at the instance of plaintiff a number of times; that on or about the 1st of September, 1939, the defendant moved to Wyoming, and on the ____ day of February, 1940, she was notified by letter that the lawyer representing her had withdrawn from the case; that her home is in the Big Horn Basin of Wyoming, and at and after the time of the receipt of said letter from the former counsel it was bad weather and the roads were impassable; that she intended to come to Tulsa in April of 1940 and secure other counsel.

For a defense she, in effect, alleges that any contract for a fee for the services to be rendered by the plaintiff was upon a wholly contingent basis; that he rendered no services which would justify a judgment against her, but rather caused a loss of her interest in the real property involved, by the dismissal of a cause in the first place, and a disastrous result after a trial in the second place.

The court refused to set aside the judgment, and the defendant has appealed, and all the allegations deal with the error as a matter of law in refusing to vacate the judgment and permit the defendant to defend.

The error arises on the sustaining of a demurrer to the petition to vacate, but we shall discuss the proposition as

an error of law in refusing to vacate the judgment upon the issues presented.

We are not unmindful of the rule many times announced by this court that the court has a wide discretion both in its refusal and its power to vacate a judgment in the same term at which said judgment was rendered. Welborn v. Whitney, 179 Okla. 420, 65 P. 2d 971; Corliss v. Davidson & Case Lumber Co., 183 Okla. 618, 84 P. 2d 7; Hogan v. Bailey, 27 Okla. 15, 110 P. 890, together with many other authorities.

Although the answer filed in the case at bar was a general denial, it must be taken as raising fully all the issues which were raised in the formal allegation of merit attached to the motion to vacate, which included the defense that the contract for the services was upon a contingent basis and that the employment terminated without any favorable results to the defendant and that the employment netted the defendant nothing, for the general denial to the action for damages for the breach of the contract raised every issue necessary to the defense to the action for damages for the breach of the contract of employment.

It is the policy of the law to afford every party to an action a fair opportunity to present his side of a cause. First National Bank v. Kerr, 165 Okla. 16, 24 P. 2d 985; Carter v. Grimmett, 89 Okla. 37, 213 P. 732; Lane v. O'Brien, 173 Okla. 475, 49 P. 2d 171; Halliburton v. Illinois Life Ins. Co., 170 Okla. 360, 40 P. 2d 1086; Shuler v. Viger, 103 Okla. 129, 229 P. 280. Therefore, the approach to a consideration of the vacating of a default judgment must necessarily differ from the vacation of a judgment where the parties have had at least one opportunity to present the case on its merits. As was said in Carter v. Grimmett, supra:

"It is the policy of the law to afford every party to an action a fair opportunity to present his side of a cause, and, while it is true the courts must require diligence on the part of litigants in being present when cases in which they are interested are being proceeded with, nevertheless, if the court or an officer of the court by their conduct have misled parties as to the time cases will be tried, the absence of such parties will be excused. Record examined, and held, the petition to vacate the judgment states facts sufficient to entitle the defendant to relief."

In Shuler v. Viger, supra, in discussing a case slightly different in facts but in some respects quite similar, the court said:

"If the defendant was guilty of negligence in this respect, it was, we think, excusable negligence. It appears that as soon as he learned that Mr. Abbott had withdrawn from his case, thereby permitting a default judgment to be entered against him, he took immediate steps to have the same set aside."

And again:

"It is hardly conceivable that a man of large business experience, such as it appears the defendant was, would deliberately permit a judgment of more than $4,000 to go against him by default in view of the verified answer to plaintiffs' petition, which, it must be conceded, stated a good meritorious defense."

This case was cited with approval in First National Bank v. Kerr, supra. In the latter case the court excused the honest mistake of counsel. In the case of Shuler v. Viger, supra, the court excused the negligence of a party litigant. Clearly the distinction is sound. When we consider the allegations of the motion to vacate, pointing out the nature of the contract, the outcome of the proceeding instituted with ill consequences to the defendant, the fact that defendant lived in Tulsa from the filing of the answer in December, 1937, up to September, 1939, and no trial was commenced, the withdrawal of her attorney in February, 1940, the taking of judgment in March, 1940, together with the further fact that within a few days the defendant filed her motion to vacate, all these circumstances address themselves to the conscience of the

court with impelling power. It had before it the facts from which it should have assumed that the defendant was justified in believing that, since no trial had been urged for almost two years, it was not improbable that she would have from February, 1940, until April, 1940, to seek further counsel. Our judicial system is based upon the fair and just theory that every party to a lawsuit is entitled to his day in court. Shuler v. Viger, supra. We find the court using the term "excusable oversight," Halliburton v. Ill. Life Ins. Co., supra, and "excusable negligence" in reversing and remanding an order refusing to vacate in Shuler v. Viger, supra, and in affirming an order vacating in Welborn v. Whitney, supra. These cases show a trend of this court to sanction, judicially, relief either in the first instance, or on appeal, in a situation exemplified by the case at bar, where a litigant without too much fault has been deprived of an actual opportunity to be present at a first trial. In Slyman v. State, 102 Okla. 241, 228 P. 979, the court said:

"Where a defaulting defendant and his attorney have at all times proceeded in good faith and have exercised that degree of care and skill which reasonably prudent persons would ordinarily exercise under all the circumstances, and where, at the same term of court when the default judgment was rendered, the judgment debtor promptly and lawfully proceeds to vacate the same, the judgment will be set aside, not as an act of mercy, but as the recognition of a right granted by law and which no court has the right to arbitrarily deny. In determining whether it should vacate a default judgment, the court may, and often should, go further than required under this rule, but less than this it must not do."

In Griswold Linseed Oil Co. v. Lee, 1 S. D. 531, cited with approval in Halliburton v. Ill. Life Insurance Co., supra, the court in reversing and remanding an order refusing to vacate used the term excusable neglect. See, also, in this connection, Beck v. Peard, 183 Okla. 195, 80 P. 2d 614.

Remembering that it is the excusable neglect of a litigant not used to court procedure and not that of counsel versed in trial tactics, we are inclined to believe that justice will be served and no harm result to the plaintiff in setting aside the judgment and permitting the defendant to defend, and we so hold.

The judgment is reversed and remanded, with directions to set aside the order refusing to vacate the judgment and to proceed in accordance with the views herein expressed.

BAYLESS, C. J., WELCH, V. C. J., and RILEY, OSBORN, and NEFF, JJ., concur.