Hugh WADE, Plaintiff in Error,

v.

Ida PADBERG and E. H. Gregg, Defendants in Error.

No. 36505.

Supreme Court of Oklahoma.

April 19, 1955.

Baxter Taylor, Oklahoma City, for plaintiff in error.

Jack L. Spivey, Oklahoma City, for defendants in error.

**WILLIAMS, Vice Chief Justice.**

This appeal is from an order of the trial court overruling a motion to vacate a judgment entered on default, and the only question presented is whether the trial court erred in overruling such motion.

On July 28, 1953, Hugh Wade, hereinafter referred to as plaintiff, filed an action in replevin against Ida Padberg and E. H. Gregg, hereinafter referred to as defendants. Summons and writ of replevin were duly issued and served and the sheriff took possession of eight of the thirteen items of personal property involved, being unable to locate the other five items. Defendant Gregg executed a redelivery bond covering two of the items taken by the sheriff, which two items were returned to him and the remaining six items were delivered to plaintiff, there having been no redelivery bond executed as to them. On August 28, 1953, defendants filed their answers, copies of which were forwarded to the attorney who filed the case for plaintiff. On September 4, 1953, the court ordered a pre-trial conference to be held in the case on September 29, 1953. On September 29, 1953, the cause came on for hearing upon pre-trial but only the attorney for defendants appeared. The attorney who filed the case for plaintiff was contacted and advised the court that he no longer represented plaintiff. A pre-trial conference order was then entered setting the case for trial on October 14, 1953.

On October 14, 1953, the case came on for trial but neither plaintiff nor his attorney of record appeared. Plaintiff's attorney of record was again called and again informed the court that plaintiff had discharged him and that he no longer represented the plaintiff. Plaintiff was called three times in open court and when he failed to respond, the court proceeded to hear defendants' evidence and then rendered judgment for defendants.

On October 21, 1953, the defendant Padberg filed an action against the surety on the replevin bond executed by plaintiff, alleging that the property had not been returned according to the judgment rendered in the replevin action. On November, 16, 1953, plaintiff employed another lawyer and filed a motion to vacate the judgment rendered in the replevin action. Such motion alleged that plaintiff had no notice or knowledge of the case being set for trial, and that the attorney who prepared and filed said suit for plaintiff did not notify or in any way inform plaintiff that the case had been set for trial.

On February 20, 1954, a hearing was had upon the motion to vacate and the same was overruled after the taking of testimony. Plaintiff appeals, contending that the court abused its discretion in overruling the motion to vacate.

The evidence introduced at the hearing upon the motion to vacate revealed that after the property was turned over to plaintiff by the sheriff, the plaintiff understood that that terminated the action and that shortly thereafter he discharged the attorney who had filed the suit for him and did not thereafter employ another attorney until he was notified of the filing of the action on the replevin bond. Plaintiff testified that the reason he did not employ another attorney was that he understood the matter to have been terminated when the property was turned over to him by the sheriff. The record also reveals that the judgment rendered by the trial court was erroneous in that it granted defendant Padberg a judg-

ment for the recovery of possession of ten listed items of personal property or the value thereof in the sum of $315, whereas the records in the case show that four of the listed items of the total value of $35 were never taken from defendant and delivered to plaintiff in the first place.

The motion to vacate the judgment was filed during the term at which such judgment was rendered. For the purpose of administering justice, the trial courts of this state have a wide and extended discretion in modifying, vacating or setting aside judgments during a term at which they are rendered. The exercise of that discretion, however, is subject to review and correction by the Supreme Court. Gulf, C. & S. F. Railway Co. v. Kellum, Okl., 261 P.2d 610. Halliburton v. Illinois Life Insurance Co., 170 Okl. 360, 40 P.2d 1086. Such discretion should always be exercised so as to promote the ends of justice, and a much stronger showing of abuse of discretion must be made, where a judgment has been set aside, than where it has been refused. Morrell v. Morrell, 149 Okl. 187, 299 P. 866. Our judicial system is based upon the fair and just theory that every party to a lawsuit should be given an opportunity to be heard. Every litigant is entitled to his day in court. It is the policy of the law and courts of Oklahoma to allow each litigant the right to be heard upon the merits of his cause free from technical pitfalls. Shuler v. Viger, 103 Okl. 129, 229 P. 280. In the syllabus in Shuler v. Viger, supra, we said:

"What constitutes abuse of discretion on the part of the trial court in refusing to set aside a default judgment is dependent on the facts and circumstances surrounding each individual case. On appeal from such order this court will examine the record and determine therefrom if such discretion has been abused. Evidence in the present case examined, and refusal held to constitute an abuse of discretion."

In the instant case plaintiff had no notice or knowledge of the setting of the case for trial. Both defendants' attorney and the court were advised that the attorney who filed the suit for plaintiff no longer represented plaintiff, but neither of them took any steps to notify plaintiff of the setting of the case for trial. While plaintiff's belief that the action was terminated by the delivery of the property to him by the sheriff might seem preposterous to a lawyer, it would not necessarily be so on the part of a layman. We are of the opinion that these circumstances, coupled with the patent error appearing in the judgment itself, require that such judgment be vacated.

The order of the trial court refusing to vacate its judgment of October 14, 1953, is hereby vacated and set aside and the cause remanded, with instructions to the trial court to grant plaintiff a new trial.

JOHNSON, C. J., and WELCH, CORN, DAVISON, BLACKBIRD and JACKSON, JJ., concur.

HALLEY, J., dissents.