Jack Donald **MIDKIFF**, Plaintiff in Error,

v.

Frank Joseph **LUCKEY** and Yellow Cab Company of Oklahoma, Incorporated, a corporation, Defendant in Error.

No. 41065.

Supreme Court of Oklahoma.

March 15, 1966.

Wilbur R. Dean, Oklahoma City, for plaintiff in error.

Charles E. Malson, Oklahoma City, for defendant in error.

PER CURIAM.

This action was brought in the District Court of Oklahoma County by plaintiff to recover damages for personal injuries alleged to have resulted from the negligence of Frank Joseph Luckey, employee of Yellow Cab Company of Oklahoma, Inc., while driving a cab belonging to the company in Oklahoma City. Summons was served on the president of defendant company. No service of summons was obtained on defendant, Frank Joseph Luckey.

On June 25, 1963, judgment by default was rendered in favor of plaintiff and against the defendant company. Thereafter, on August 26, 1963, the defendant company filed petition to vacate the default judgment on the ground of unavoidable casualty and misfortune preventing defendant company from defending the suit.

Issues were joined by appropriate pleadings and on February 27, 1964, the trial court sustained the petition and set aside and vacated the default judgment entered June 25, 1963, against defendant company. Plaintiff filed motion for new trial which was over-ruled. From the order overruling the motion for new trial, plaintiff appealed.

For reversal of the action of the trial court in sustaining the petition and setting aside the default judgment, plaintiff contends that the defendant failed to establish

by sufficient evidence unavoidable casualty and misfortune, and, that the defendant's failure to defend was due to its own negligence.

In considering the sufficiency of the proof authorizing the trial court to exercise discretion in vacating this default judgment, the rules of this court in such circumstances should be kept in mind.

It is held in State Life Ins. Co. v. Liddell et al., 178 Okl. 114, 61 P.2d 1075:

"In proceedings of this character each case must depend on the facts of the particular case.

"We quote the first paragraphs of the syllabus in Standard v. Fisher, 169 Okl. 18, 35 P. (2d) 878: 'Default judgments are never viewed with favor. Litigated questions should be tried on their merits. Lovejoy v. Stutsman, 46 Okl. 122, 148 P. 175; Lott v. Kansas Osage Gas Co., 139 Okl. 6, 281 P. 297.

" 'An application to set aside the default judgment which has been filed after the term at which the judgment is rendered is addressed to the sound legal discretion of the trial court, and each case to a marked degree must depend upon its own facts and circumstances. In such case the granting or refusal to grant relief is largely a matter of discretion on the part of the trial court, which discretion seldom will be interfered with on appeal, but that discretion should always be exercised to promote the ends of justice.' "

And, in the same case:

"The uniform rule that has been followed by this court is that a petition to vacate a judgment is addressed to the sound legal discretion of the trial court, and his decision either vacating or refusing to vacate a judgment will not be disturbed unless abuse of such discretion clearly appears, and in order to warrant a reversal of an order vacating a judgment a much stronger showing of abuse of discretion must be made

than where a vacation of judgment is denied."

Again, in Haskell v. Cutler, 188 Okl. 239, 108 P.2d 146, the court said:

"It is the policy of the law to afford every party to an action a fair opportunity to present his side of a cause. First National Bank v. Kerr, 165 Okl. 16, 24 P.2d 985; Carter v. Grimmett, 89 Okl. 37, 213 P. 732; Lane v. O'Brien, 173 Okl. 475, 49 P.2d 171; Halliburton v. Illinois Life Ins. Co., 170 Okl. 360, 40 P.2d 1086; Shuler v. Viger, 103 Okl. 129, 229 P. 280. Therefore the approach to a consideration of the vacating of a default judgment must necessarily differ from the vacation of a judgment where the parties have had at least one opportunity to present the case on its merits."

The following language by the court appears in the syllabus of the case of Hughes v. Owl Oil Co., 200 Okl. 493, 197 P.2d 292:

"A petition to vacate a judgment, under section 1031, 12 O.S.1941, is addressed to the sound legal discretion of the trial court, and an order vacating said judgment will not be disturbed on appeal unless it clearly appears that the trial court has abused that discretion. Such discretion should always be exercised so as to promote the ends of justice, and a much stronger showing of abuse of discretion must be made where a judgment has been set aside than where it has been refused."

In Parker v. Board of County Commissioners of Okmulgee County, 187 Okl. 308, 102 P.2d 880, the court says:

"We are committed to the rule that 'a petition to vacate a judgment, under section 556, O.S.1931, 12 Okl.St.Ann. § 1031, is addressed to the sound legal discretion of the trial court, and the judgment will not be disturbed on appeal unless it clearly appears that the trial court has abused its discretion. Such discretion should always be exercised so as to promote the ends of jus-

tice, and a much stronger showing of abuse of discretion must be made where a judgment has been set aside than where it has been refused.' Donley v. Donley, 1939, 184 Okl. 567, 89 P.2d 312, 313."

The testimony in support of the petition to set aside the judgment discloses that upon service of summons upon the President of defendant Yellow Cab Company, he followed the normal procedure of handing the summons to his secretary to put in a file incident to transmitting to an attorney for defense of the suit. Because of a previous fire in the office of defendant company, with resulting water and smoke damage, papers and documents in the filing cabinets in the office of defendant company had been moved, resulting in a state of confusion in the normal operation of their business, concerning which the manager of defendant company testified as follows:

"* * * The filing cabinets had to be pulled out and everything taken out of them to see what was damaged by water and smoke inside the files. They were all stacked on desks inside the secrectary's office and as a result of this I not only got this confused but I had another claim and I had any number of records that got mixed up as a result of it. * * * *The Court*: You mean papers that were misplaced? *A.* Put in one place and then moved by the secretary and by the office force and by this and by that and they just got in a state of confusion that we don't know where anything was there for a couple of weeks".

The summons served upon defendant company was misplaced or lost and notice of the default was not known until the receipt of a letter from plaintiff's attorney, the date of the letter as shown by the record being July 29, 1963.

█ From our examination of the record we are unable to determine that the trial court erred in setting aside the default judgment.

Judgment affirmed.

The Court acknowledges the services of Forrester Brewster, who with the aid and counsel of Julian B. Fite and Joe R. Boatman, as Special Masters, prepared a preliminary advisory opinion. These attorneys had been recommended by the Oklahoma Bar Association and appointed by the Court. The Chief Justice then assigned the case to Jackson, J., for review and study, after which and upon consideration by the Court, the foregoing opinion was adopted.