George W. BECK, III, as an individual, and George W. Beck, III, Marion Frances Beck and Marion Frances Beck, daughter of said persons and a minor, d/b/a The Beck Investment and Holding Company, a partnership composed of the above named persons and Beck-Jarrett Motor Company, a corporation, Plaintiffs in Error,

v.

E. M. JARRETT, Defendant in Error.

No. 39047.

Supreme Court of Oklahoma.

June 20, 1961.

Rehearing Denied July 5, 1961.

Charles C. Chesnut, Miami, for plaintiffs in error.

Smith & Smith, Miami, for defendant in error.

PER CURIAM.

E. M. Jarrett, defendant in error, commenced this action in September, 1957, against the plaintiffs in error, to recover possession of a certain promissory note in the amount of $10,000, and $500 damages for alleged malicious and wrongful acts in retaining said note. The parties will be referred to as in the trial court.

The pleadings and the testimony developed that after filing several motions defendants answered in March, 1958; that in 1958 defendants and their second attorney were ready for trial and the case was continued at plaintiff's request because he could not procure the attendance of a witness; that the second attorney employed by defendants withdrew from the case on June 30, 1959; that on July 22, 1959, the case was set for trial on August 3, 1959; that on July 23 one of the defendants, George Beck III, contacted a third attorney for the purpose of employing him to represent defendants; that on August 3, neither defendants nor their counsel appeared for trial and judgment was entered for plaintiff; that on October 7, 1959, Beck received a letter from plaintiff's attorney advising him of said judgment and suggesting compliance forthwith; that this was defendants' first knowledge that judgment had been taken; that on October 9, 1959, defendants filed a petition to vacate said judgment and grant a new trial. Defendants appeal from the trial court's judgment overruling defendants' petition.

The third attorney testified that he advised Beck that he would investigate the case and see if he wanted to represent defendants; that "The question of a continuance might've arisen. And as he states—as George stated here, it might have. I probably did say, well, the court will probably give you a continuance * * *"; that when he called Beck to advise that he could not represent defendants he was told that Beck was out of town.

Beck testified that he was "under the impression" that the third attorney was going to represent the defendants; that this attorney told him "he would have no trouble arranging for an extension, and particularly in view of the fact that he was coming into the case at that late date"; that he left town a day or two after his first conversation with the third attorney.

In their petition to set aside the judgment defendants alleged "The said George W. Beck III states that his failure to be present for trial was the result of honest misunderstanding; that had he understood otherwise he would have altered his plans so that he could have been present at the trial; that he had exercised reasonable diligence and did not deem himself negligent for the unavoidable casualty *of* misunderstanding, which prevented him and the defendants herein from defending said suit; * * * that in their opinion they have a proper defense to the petition of the plaintiffs, which is reflected by the answer on file herein, which is included herein by reference as fully as though written out herein verbatim, and the defendants pray that they be entitled to put on proof to substantiate the allegations of their answer. * * *"

In said answer defendants allege:

"That on the 15th day of February, 1954, plaintiff entered into a contract with the Beck-Jarrett Motor Company, whereby, among other things, he was to have the absolute right and option to purchase 800 shares or an equivalent to 40% of the total capitalization of the said Beck-Jarrett Company assets *or* $10.00 per share.

"That the said Beck-Jarrett Motor Company was in operation and doing business on the 17th day of September, 1954, when the plaintiff, being enthusiastic over the success of the business of said corporation and its future prospects, was desirous of exercising his option for the 40% of the stock of the corporation upon which he had said option. In addition to this the Beck-Jarrett Motor Company was at that time contemplating purchasing the assets of Greenwell-Hendrickson Motor Company, Miami, Oklahoma, which was their most important competition, the consideration being $10,000.00. This option was exercised for the purpose of obtaining the money for the purchase of Greenwell-Hendrickson. The money used in the purchase of Greenwell-Hendrickson was money of Beck Investment Company, and this purchase would not have been made had not plaintiff exercised his option aforesaid.

" * * * That the said note is just, due and unpaid and all taxes due on said note have been legally assessed and paid."

In substance, defendants argue in their brief that they had filed a meritorious answer; that they were under the impression that the third attorney was going to represent them, and a continuance would be obtained.

In Wade v. Padberg, Okl., 283 P. 2d 201, 203, we said:

"What constitutes abuse of discretion on the part of the trial court in refusing to set aside a default judgment is dependent upon the facts and circumstances surrounding each individual case."

There is nothing here to indicate that defendants did not join plaintiff in a desire for an early trial of the case. The defendant Beck and the third attorney may have been at fault in failing to be in agreement as to whether the attorney was going to represent defendants and obtain a continu-

ance. However, the facts indicate that Beck was under the impression and belief that the attorney was going to represent defendants and secure a continuance. It appears that failure of defendants to be present at the trial was the result of misunderstanding between Beck and the third attorney. As soon as defendants received notice that the case was set for trial defendant Beck sought to secure legal counsel and thought he had done so. Defendants, by the employment of three different attorneys, and the attempted employment of a fourth, indicated diligence in the defense of this case. It would seem that the defendant Beck is a man of considerable business experience and it is hardly conceivable that he would deliberately permit a judgment for recovery of possession of a note in the amount of $10,000 and $500 damages to be taken against him by default, in view of the verified answer to plaintiff's petition. Shuler v. Viger, 103 Okl. 129, 229 P. 280.

■ While it is true that diligence of litigants in attending to their matters pending in the courts is of importance, and while it is a significant function of the courts that the litigation before them be determined and disposed of as rapidly as possible, it is also important that all litigants be given a reasonable opportunity to have their day in court, and to have their rights and liberties tried upon the merits. The latter is and should be the primary right of the parties and duty of the courts. Fowler v. Francis, Okl., 362 P.2d 107.

In the instant case a jury had been waived and the matter was triable to the court. The case was set specially for trial. The record does not disclose or indicate that the vacating of the judgment and granting of a new trial would have seriously delayed or hampered the court in the conduct of its business, or that any injustice would have been done the plaintiff thereby.

It would seem that plaintiff was in no hurry to secure the benefits of the judgment. His attorney took no action until more than two months after it was entered. At that time he merely advised defendants by letter of the judgment, and asked for compliance.

In Hodges v. Alexander, 44 Okl. 598, 145 P. 809, we said:

"It is an abuse of discretion for the court to refuse to open a judgment by default where the answer presents a good defense, and the showing made by the defendant is a reasonable excuse for the absence of the defendant and his attorney at the time of the trial, with no negligence on his part, and where no substantial prejudice would result from the sustaining of such motion."

■ The courts should always be loath to deny a determination of a case upon its merits by reason of the actual or supposed fault of an attorney and one of the parties litigant. Especially is this true when issue of fact showing a cause of action of apparent merit on the part of the plaintiff and a defense of contended merit on the part of the defendants has been joined by appropriate pleadings. First National Bank of Okmulgee v. Kerr, 165 Okl. 16, 24 P.2d 985, 987.

■ Under the facts herein we determine that the defendants should not be held to be guilty of such negligence as would justify the sustaining of the default judgment rendered herein. Apparently, the defendants' failure to appear at the trial was the result of a misunderstanding between defendants and the third attorney.

"But in order to sustain a default judgment, where a substantial sum is involved, upon the fault or negligence of the attorney for the losing party, such fault or negligence * * * must be most clearly shown; or it must clearly appear that the fault or negligence, and the circumstances of the case, are such as to require that the judgment be sustained in order to prevent a manifest injustice." First Na-

tional Bank of Okmulgee v. Kerr, supra.

We further determine that the order of the trial court refusing to vacate its judgment of August 3, 1959, constituted an abuse of discretion and should be and it is hereby ordered vacated and set aside. The cause is remanded with instructions to the trial court to grant defendants a new trial.

The court acknowledges the aid of Supernumerary Judge N. S. CORN in the preparation of this opinion. After a tentative opinion was written, the cause was assigned to a Justice of this court. Thereafter, upon report and consideration in conference, the foregoing opinion was adopted by the court.