**Burl KINTER, Appellant,**

v.

**Zadah Lee BASKIN, Appellee.**

**No. 46150.**

Supreme Court of Oklahoma.

March 19, 1974.

Frederick L. Boss, Jr., Tulsa, for appellant.

Joseph Lapan, Tulsa, for appellee.

HODGES, Justice.

In a tort action petition was filed by plaintiff and defendant demurred. The demurrer was overruled for failure by demurrant to present the matter. Defendant was given ten days to answer. No answer was ever filed. The cause in that state of the pleadings was set on a pre-trial docket. The pre-trial hearing was passed to the next pre-trial docket at plaintiff's request.

On the next setting of the pre-trial defendant appeared by counsel but plaintiff did not. The trial judge thereupon on April 5, 1971, dismissed the action without prejudice for want of prosecution.

Fifteen months later plaintiff filed a motion to vacate the dismissal order. The motion was denied by the trial court and plaintiff appeals.

The time for filing a motion for a new trial or for lodging an appeal from the order of dismissal had elapsed, so the only avenue of review, if any, is by a motion to vacate under one of the provisions set out in 12 O.S.1971, § 1031 et seq or by showing the judgment is void on its face.

■ A court has discretionary power to dismiss without prejudice a lawsuit for want of prosecution, or where a plaintiff fails to appear at a hearing or refuses to comply with an order concerning the proceeding. Goins v. Fox, Okl., 332 P.2d 220.

■ Plaintiff's position in the present case is that the court has no power to dismiss a lawsuit while the case is pending in default of an answer, and no authority to set the case on a pre-trial docket when it was not at issue. But this argument does not take into consideration the power of a court to regulate its docket and dispose of cases where there has been no activity or interest shown in prosecuting it. 12 O.S. 1971 §§ 682, 683; Hambright v. City of Cleveland, Okl., 360 P.2d 493.

■ Admitting arguendo, the cause was not at issue and was inappropriately placed on the pre-trial docket when the court dismissed the action, it was nevertheless incumbent on the plaintiff to file a motion objecting to the pre-trial setting or appear and show cause why the case should be stricken. Plaintiff did neither even though he did appear at the first pre-trial, where without making any objections to the pre-trial setting, the case was passed at his request until the next pre-trial docket. Under these circumstances the setting of the case on the pre-trial docket did not render the subsequent dismissal void.

In addition to his failure to appear at the second pre-trial the plaintiff had also allowed the defendant to be in default of answer from July 6, 1970 until April 15, 1971, the date of dismissal. Surely these circumstances showed such a lack of interest in prosecuting the case that would invoke the discretionary powers of the court to dismiss the lawsuit. Then to wait fifteen months later before attacking the dismissal only solidifies the judgment of the trial court that the case should be dismissed for want of prosecution. Such dismissal without prejudice seems in this circumstance classically within the gambit of 12 O.S.1971 § 682.

The judgment of dismissal became res judicata when not appealed. The judgment refusing to vacate the order of dismissal is affirmed and costs in this court taxed to appellant.

DAVISON, C. J., WILLIAMS, V. C. J., and IRWIN, BERRY, LAVENDER, BARNES and SIMMS, JJ., concur.