**B & M INTERNATIONAL TRADING CO., Appellant,**

v.

**WOODIE AYERS CHEVROLET, INC., (Successor to Craig Ayers–Ford Chevrolet, Inc.); A and F Export, Ltd., a corporation; General Motors Corporation, a corporation; and General Motors Acceptance Corporation, a corporation, Appellees.**

No. 67218.

Supreme Court of Oklahoma.

Nov. 22, 1988.

John B. Hayes, Suzanne E. Broadbent, Oklahoma City, for appellant.

E. Paul Ferguson, Thomas E. Prince, Ferguson & Prince, Page Dobson, Terry A. Hall, Gary C. Bachman, Holloway, Dobson, Hudson & Bachman, Oklahoma City, for appellees.

SUMMERS, Justice.

This lawsuit was filed in 1976. The issue here is whether the trial court, some nine years later, correctly dismissed it with prejudice to refiling on the basis of laches. The Court of Appeals affirmed the lower court, and we have previously granted certiorari. We affirm the dismissal, but reverse that part of the order which would prevent plaintiff from refiling within one year under 12 O.S. 1981 § 100.

In 1976 B & M Industrial Trading Co. filed an action alleging *inter alia* tortious interference by the defendants with its contract to facilitate the export of some one thousand heavy duty General Motors trucks to Iran. Plaintiff also sought accountings of various funds which were to have been collected and disbursed among the parties pursuant to the specific contractual provisions.

Between December, 1976 and May, 1977, all defendants entered appearances, filed demurrers and motions to make more definite and certain. In May and June, 1977, the various defendants served extensive interrogatories on plaintiff.

The lengthy delays which ultimately resulted in the trial court's dismissing the suit began following service of the defendants' interrogatories. Between May, 1977 and October, 1979 (the date upon which the plaintiff filed answers to the second set of interrogatories), the trial court entered twenty-nine orders extending by agreement of parties the time during which plaintiff was to answer the interrogatories. Each agreement is memorialized by a written order executed by counsel for the parties.

Upon receiving answers to their respective interrogatories, the defendants filed motions to compel more complete answers. While these motions were pending, B & M's president traveled to Iran in 1981, and to Turkey in 1983 in an attempt to get documents with which to supplement his answers. He brought back certain documents already in possession of the defendants, and contends that the trips were less successful than he had anticipated because of the political turbulence in Iran.

With the filing of the General Motors defendants' Motion to Compel the case stood in limbo. The original demurrers and motions had been held in abeyance pending completion of discovery; no answers had been filed. Further, after the 1980 Motion to Compel, the plaintiff appeared annually at the court's disposition docket. The defendants acknowledge that they took no action to dissuade the court from continuing to carry the case without dismissal.

In July, 1985 the plaintiff served its requests for production on the defendants who responded with motions to dismiss. After briefs and arguments, the trial court dismissed the action with prejudice based upon the doctrine of laches.

 The Court of Appeals, in a summary opinion, affirmed the trial court. We have granted certiorari and now reverse in part. We hold that under either the old standards of pleading or the Oklahoma Pleading Code, laches constitutes an affirmative defense, and that it is available only in equity actions. Since this action sounds primarily in law, and since the defendants acquiesced in the delay, the defense of laches will not lie, and the court was without authority to dismiss the action with prejudice. We vacate the Court of Appeals opinion, and affirm that portion of the trial court's order which dismisses the action, but reverse the remainder holding that the dismissal must be without prejudice. See *Points v. Oklahoma Publishing Co.*, 672 P.2d 1146 (Okla.1983).

The doctrine of laches is peculiar to courts of equity. *Skinner v. Scott*, 118 P. 394 (Okla.1911). The present suit alleges tortious interference with a contract, and requests money damages, punitive damages and certain accountings. The authority to order accountings falls within the court's equity jurisdiction, and "an accounting may be decreed in a suit which is founded upon other grounds, for the purpose of affording full and complete relief." *Fernow v. Gubser*, 196 Okl. 58, 162 P.2d 529 (1945).

The gravamen of the suit, however, sounds in law, not equity. Jury trial had been requested by Plaintiff, and no pleadings were filed by defendants suggesting the case was of equitable cognizance. This suit was filed in 1976 before the advent of the Oklahoma Pleading Code. Nonetheless, under either system of pleading, laches constitutes an affirmative defense which the defendant must specially raise. We consistently held under the old rules that "new matter that the plaintiff is not bound to prove in the first instance must be specifically pleaded as an affirmative defense." *Flick v. Crouch*, 434 P.2d 256, 261 (Okla.1967); *Venmex Oil Co. v. Thomas*, 189 Okl. 407, 117 P.2d 540 (1941).

No new result attaches under the pleading code which became effective during the pendency of this action. Title twelve, of the Oklahoma Statutes, section 2008(C)(12) requires that the defense of laches shall be set forth affirmatively, which the defendants did not expressly do in their Motion to Dismiss (Defendants to date have never yet answered the petition.)

However, even assuming *arguendo* that the defendants raised laches properly, they may not avail themselves of the defense because (1) this case arises primarily at law, and (2) the defendants acquiesced in the delays of which they now complain. The petition clearly sets forth a cause of action in tort, and includes prayers for compensatory and punitive damages together with certain accountings.

The record also reflects twenty-nine fully executed orders in which the various defendants agreed to continuances. In complaining of these very continuances, Defendants recite only a portion of the rules applicable to equity jurisdiction, and in so doing fail to recall that "equity cannot be invoked when its aid becomes through a party's own fault." *Sautbine v. Keller*, 423 P.2d 447, 451 (Okla.1966). The "clean hands" doctrine recited in *Sautbine* applies to the case before us. In addition to the agreed orders to continue, we note that the plaintiff appeared at several annual disposition dockets, and that plaintiff's requests for continuances at these dockets were unopposed by the defendants. Finally, the plaintiff, as early as 1980 desired to obtain a trial date, which action met with the defendants' vigorous opposition.

These actions by the defendants are not unlike those discussed by Colorado Supreme Court when it reversed a trial court's dismissal of an action to disconnect certain land from the defendant town for want of prosecution *Cervi v. Town of Greenwood Village*, 147 Colo. 190, 362 P.2d 1050 (1961). There the court said that

"although a trial court has inherent power to dismiss a case for want of prosecution, such power is not unlimited, and should not be exercised where the record shows, as here that both parties nursed the case along with the court's approval." *Cervi*, supra 362 P.2d at 1051.

Although we do not here divest the trial court of its authority to dismiss an action for failure to prosecute, we observe that the defendants before us may be said to have nursed the case along with the court's approval. Consequently, the trial court's dismissal must be based upon a theory other than the defense of laches.

Trial courts continue to possess the authority to control their dockets. Both statutes and court rules address the court's power to dismiss actions for various reasons. The rule applicable to the present case is Rule 9(b) of the Rules of District Courts of Oklahoma, which rule provides that

"where an action is not dilligently prosecuted, the court may require the plaintiff to show why the action should not be dismissed. If the plaintiff does not show good cause why the action should not be dismissed, the court shall dismiss the action *without prejudice*. A court shall dismiss actions in which no action has been taken for a year as provided in 12 O.S. 1981 1083." (emphasis ours)

Section 1083 directs the court to dismiss without prejudice any action "which is not at issue and in which no pleading has been filed or other action taken for a year and in which no motion or demurrer has been pending during any part of said year ..." Since the record here reflects that all of defendant's demurrers, motions to make more definite and certain, and motions to compel more complete answers to interrogatories were pending at the time of the trial court's dismissal, section 1083 does not apply, and the court must exercise its discretion to dismiss under Rule 9(b). Dismissal under that Rule must be without prejudice.

Finding no authority upon which the trial court could dismiss the present action with prejudice, we hold that dismissal under Rule 9(b) was proper, but that such dismissal is to be without prejudice. The order of the District Court is therefore affirmed in part and reversed in part.

DOOLIN, C.J., HARGRAVE, V.C.J., and HODGES and ALMA WILSON, JJ., concur.

LAVENDER, SIMMS, OPALA and KAUGER, JJ., concur in result.