**M. Eugene CAMPBELL and Muriel B. Campbell, Appellees,**

v.

**James C. PHARR; Gary C. Gilliam; James L. Campbell; and J & G Steel Corporation, an Oklahoma corporation, Appellants.**

**No. 85664.**

Court of Appeals of Oklahoma,
Division No. 2.

Dec. 12, 1995.

Rehearing Denied Jan. 16, 1996.

Certiorari Denied April 18, 1996.

Bruce A. McKenna, N. Franklyn Casey, Casey, Jones & McKenna, P.C., Tulsa, for Appellees.

Marion M. Dyer, Broken Arrow, for Appellants.

REIF, Judge.

The corporate and individual defendants appeal the trial court's vacation of its order dismissing this action. The dismissal was entered following the failure of plaintiffs' counsel to appear or otherwise "show cause" at a dispositional hearing on January 25, 1995, as directed by an order of the trial court issued December 5, 1994. It is undisputed that (1) plaintiffs' counsel received the December 5 order but did not appear because he was ill and homebound with the contagious disease of chicken pox, and (2) that his partner and co-counsel did not appear because of a jury trial in another court. There is some dispute concerning the communication between the secretary of plaintiffs' counsel and defendants' counsel, but there is no controversy that defendants' counsel knew of the illness of plaintiffs' counsel and advised the trial court of such illness at the January 25 hearing. There is also no controversy that plaintiffs' counsel did not file a motion for continuance or a pleading to show cause why the action should not be dismissed.

Relying of the *express mandatory language* of both District Court Rule 9(b), 12 O.S.1991, ch. 2, app., and 12 O.S.1991 § 1083 directing that the court "shall" dismiss an action under the circumstances stated in Rule 9(b) and section 1083, defendants' counsel argues that such dismissals cannot be vacated pursuant to either the "term-time" power under 12 O.S.Supp.1994 § 1031.1(A), or upon the grounds set forth in 12 O.S.1991

§ 1031 and the procedures set forth in 12 O.S.1991 and Supp.1994 §§ 1032 through 1038. Plaintiffs take the position that they have established the requisite ground of illness of counsel and unavoidable casualty to support vacation and that the public policy for cases to be tried on their merits overrides the efficiency-of-justice policy that Rule 9(b) and section 1083 may promote. For the reasons that follow, we agree with plaintiffs and affirm the order vacating the dismissal.

■ This is a case of first impression in Oklahoma. However, other courts that have construed *mandatory* "dismissal" rules similar to Rule 9(b) and section 1083 have held that trial courts are authorized to set aside such dismissals under their general powers to vacate judgments. *See Vaughn v. Chung*, 119 Wash.2d 273, 830 P.2d 668 (1992) (en banc) (affirming *Vaughn v. Chung*, 62 Wash. App. 647, 814 P.2d 1249 (1991)). *See also Gorman v. City of Phoenix*, 152 Ariz. 179, 731 P.2d 74 (1987); and *Cline v. Ticor Title Ins. Co.*, 154 Ariz. 343, 742 P.2d 844 (1987).

In reaching its decision in *Vaughn*, the Supreme Court of Washington did not focus on the individual words in the mandatory dismissal rule alone but also examined the language and underlying policy of the equitable authority to vacate judgments which favor disposition of cases on their merits. *Vaughn*, 830 P.2d at 671. The Washington Supreme Court concluded that, "[w]hen [the dismissal rule] and [motion to vacate rule] are read together, it is apparent that a trial court's authority to vacate ... dismissals is not inconsistent with the mandatory language [of the dismissal rule]." *Id.* at 673. The court explained that the mandatory dismissal rule "simply creates an administrative mechanism to clear trial court dockets of inactive cases [and when] the prerequisites are met, a court must dismiss a case for want of prosecution." *Id.* The end of this is "a smooth, efficient procedure for clearing court dockets of dormant cases." *Id.* The court further observed that "[v]acating dismissals, however, is a wholly different matter [and] allowing trial courts to vacate *subsequently* those dismissals caused by mistake, inadvertence, or other good reasons is not inconsistent with a mandatory procedure for dismiss-

ing cases." *Id.* The court found on the side of the "preference for deciding cases on their merits rather than on procedural technicalities" and the exercise of vacation authority " 'to the end that substantial rights be preserved and justice between the parties be fairly and judiciously done.' " *Id.* 830 P.2d at 671 (citations omitted).

The Arizona appellate courts in *Gorman* and *Cline* stressed that mandatory dismissal "should be used to dispose of abandoned cases and to encourage litigants to resolve their disputes quickly [but should] not be used to trap the unwary or the momentary negligent." *Cline,* 742 P.2d at 847. The rule is merely a convenient administrative practice whose purpose is "procedural, not substantive." *Id.* Setting aside a mandatory dismissal is proper "so long as the neglect is not too extreme" and " 'even doubtful cases should be resolved in favor of the party moving to set aside the dismissal.' " *Id.* 742 P.2d at 848 (quoting *Gorman,* 731 P.2d at 78–79). The court "should weigh the housekeeping purposes of [the mandatory dismissal rule] against the actual circumstances of the case presented." *Cline,* 742 P.2d at 848.

The Oklahoma Supreme Court has expressed similar views about default judgments. *Beck v. Jarrett,* 363 P.2d 215, 218 (Okla.1961) (per curiam), observes:

> While it is true that diligence of litigants in attending to their matters pending in the courts is of importance, and while it is a significant function of the courts that the litigation before them be determined and disposed of as rapidly as possible, it is also important that all litigants be given a reasonable opportunity to have their day in court, and to have their rights and liberties tried upon the merits.

In *Burroughs v. Bob Martin Corp.,* 536 P.2d 339, 341 (Okla.1975), the supreme court stated that it had "always emphasized the discretion vested in the trial judge to vacate default judgments where justice would better be served by permitting a litigant to have his 'day in court.' " It is an abuse of discretion to deny a motion to vacate "when all of the circumstances demonstrate that said motion could well be granted without serious injustice, and the denial of the motion may result in serious injustice." *Hamburger v. Fry,* 338

P.2d 1088, 1091 (Okla.1958) (citations omitted). This rule and policy "gives the movant, who appears to be without actual fault in the matter and who moves to vacate promptly, 'the benefit of the doubt,' to the end that he shall have his day in court." *Id.*

Like the courts in Washington and Arizona, we conclude that such principles apply with equal force to dismissals under Rule 9(b) and section 1083, subject to review under the trial court's statutory authority to vacate and modify judgments.

Plaintiffs filed both a term-time motion to vacate under section 1031.1(A) and a petition to vacate pursuant to sections 1031 and 1033. Given the fact that the term-time motion to vacate was promptly and timely filed, we address only the propriety of the trial court's order vacating the dismissal under the exercise of its term-time power.

Term-time power is not restricted to specific grounds, statutory or otherwise. *Schepp v. Hess,* 770 P.2d 34, 38 (Okla.1989). The test for measuring the legal correctness of a trial court's response to a timely section 1031.1(A) term-time motion to vacate is *"whether sound discretion was exercised upon sufficient cause shown to vacate, modify, open or correct the earlier decision, or to refuse the relief sought." Schepp,* 770 P.2d at 39 (footnotes omitted). Bearing in mind that plaintiffs' counsel did not file a showing of good cause in advance of the January 25 hearing, despite ample time to do so, and did not take adequate measures to seek a continuance in view of his inability to appear and his partner's unavailability, we nonetheless find that his illness and confinement significantly contributed to his inattention to this matter and impeded him in making better arrangements with the court and opposing counsel concerning his absence. Accordingly, we hold that the trial court exercised sound discretion upon sufficient cause shown to vacate the dismissal.

AFFIRMED.

TAYLOR, P.J., and BOUDREAU, J., concur.