2003 OK 14

In the Matter of the Application of EATON ENTERPRISES TO VACATE NORTHWEST 20TH STREET BETWEEN WESTERN AVENUE AND CLASSEN BOULEVARD IN OKLAHOMA CITY, Oklahoma County, Oklahoma,

The City of Oklahoma City, Defendant/Petitioner,

v.

Eaton Enterprises, Plaintiff/Respondent.

The State of Oklahoma, ex rel. Gil Burk, et al., Plaintiffs,

v.

The City of Oklahoma City; The Two Thousand Classen Building Corporation; American Fidelity Assurance Company; and C.W. Cameron, Defendants.

No. 96,668.

Supreme Court of Oklahoma.

Feb. 18, 2003.

As Corrected March 6, 2003.

Daniel T. Brummitt, Oklahoma City, OK, for the Petitioner.

Roland Tague, Oklahoma City, OK, for the Respondent.

HODGES, J.

¶ 1 The issue presented for this Court's review is whether the decision in the case of *State ex rel. Burk v. Oklahoma City,* 1973 OK 134, 522 P.2d 612 (*Burk I*), controls the present case. Because the facts and issues presented in this appeal differ from those previously presented, *Burk I* is not controlling in the present case.

### I. FACTS

¶ 2 On December 17, 1997, the respondent, Eaton Enterprises, acquired property and buildings located at Two Thousand North Classen Boulevard from American Fidelity Assurance Company by general warranty deed. One of the buildings, the Two Thou-

sand Classen Building, is located on and across N.W. 20th Street between Classen Boulevard and Western Avenue in Oklahoma City, Oklahoma. However, because N.W. 20th Street is a public street belonging to the petitioner, Oklahoma City, title to the property is clouded.

¶ 3 In order to cure the defect in title, Eaton filed an application with the Oklahoma City Planning Commission to close N.W. 20th Street to the public. On August 9, 2000, the city council passed Ordinance No. 21,545 closing N.W. 20th Street but reserving the right to reopen it. Eaton then filed a petition in the District Court to foreclose Oklahoma City's right to reopen N.W. 20th Street. The petition was brought pursuant to title 11, section 42–111 of the Oklahoma Statutes.[1] Oklahoma City filed its answer and objected to the petition claiming that the options available to Eaton had been established in *Burk I.* However, the District Court granted the petition foreclosing Oklahoma City's right to reopen N.W. 20th Street.

¶ 4 The district court included the statement required for appeal pursuant to title 12, section 994. The order states: "That there is not just reason to delay the filing of this final judgment foreclosing the absolute right of The City of Oklahoma City to reopen N.W. 20th Street, while reserving the claim of The City of Oklahoma City for damages pursuant to 11 O.S.1991 § 42–114 for further determination by this Court." The district court further directed the filing of the judgment foreclosing the City's right to reopen N.W. 20th Street. This Court deems the language in the order as the functional equivalent of the certification required by title 12, section 952. The petition in error is recast as a petition for a writ of certiorari from a certified interlocutory order and grants the petition for writ of certiorari.

## II. HISTORY

¶ 5 American Fidelity Assurance Company (American Fidelity), the previous owner of the Two Thousand Classen Building, acquired title to the property and several buildings surrounding N.W. 20th Street in 1968. In an effort to connect the buildings, American Fidelity decided to construct a building on N.W. 20th Street. At that time, however, N.W. 20th Street was a public street, paved and used for vehicular traffic.

¶ 6 To construct a building on N.W. 20th Street, American Fidelity needed to have the street vacated under the provisions of title 11, section 524 of the Oklahoma Statutes.[2] Section 524 required that the street be enclosed and occupied adversely to the public for five years before the street could be vacated. Although N.W. 20th Street had not been enclosed and occupied adversely for five years, American Fidelity filed suit to have N.W. 20th Street vacated. On August 8, 1968, the District Court, believing that N.W. 20th Street had been occupied adversely for five years, entered judgment vacating it.

¶ 7 Construction of the Two Thousand Classen Building began in September of 1968. In July of 1969, a taxpayer's action was commenced to set aside the 1968 judgment vacating N.W. 20th Street. The trial court declined to set aside the judgment, but on appeal this Court found that because a fraud had been perpetrated upon the trial court, the judgment vacating N.W. 20th Street should be set aside.

---

**1.** Okla. Stat. tit. 11, § 42–111 (1991), provides:

Any owner of any real estate to which any public way or easement, or any part thereof, has heretofore reverted or may hereafter revert by closing, within the corporate limits of any municipality, may commence an action in the district court in the county in which the real estate is situated, upon filing a verified petition. The petition shall show the passage of an ordinance closing the public way or easement and ask for the foreclosure of the absolute right to reopen the public way or easement or ask for the reopening of the public way or easement. Attached to the verified petition shall be the certificate of a bonded abstractor listing the names and mailing addresses of all persons required to be notified as set forth in Section 11–42–112 of this title.

**2.** Okla. Stat. tit. 11, § 524 (1961), provided in pertinent part:

If ... it shall appear ... that the platted streets and alleys on or across such portion have never been used by the public, or that the public has for more than five years abandoned such by non-user, or that the same has been enclosed and occupied adversely to the public for more than five years, then the court may vacate such portion of said plat.

¶ 8 With the Two Thousand Classen Building already constructed on N.W. 20th Street, this Court determined that a return of the parties to status quo might not be feasible. The Court gave American Fidelity two options: (1) to remove the building and restore N.W. 20th Street to its original condition or (2) to make annual lease payments to Oklahoma City for as long as the building encroached on N.W. 20th Street.

¶ 9 Since the decision of the Court in *Burk I* and until the sale of the property to Eaton, American Fidelity has made annual payments to Oklahoma City. Since the purchase, Eaton has made the payments. This case was commenced to quiet title to N.W. 20th Street in Eaton so that it will no longer be required to make lease payments.

### III. ANALYSIS

■ ¶ 10 Oklahoma City argues that Eaton's petition to vacate N.W. 20th Street is barred by the settled-law-of-the-case doctrine. In their view, all issues relating to the Two Thousand Classen Building were settled in *Burk I*. Oklahoma City asserts that the law of the case in *Burk I* is controlling in this subsequent proceeding.

■ ¶ 11 As a general rule, where an appellate court rules upon an issue, that ruling becomes the law of the case and is controlling upon all subsequent proceedings. *Wilson v. Harlow*, 1993 OK 98, ¶ 12, 860 P.2d 793, 797. This rule, known as the settled-law-of-the-case doctrine, bars relitigation of issues after they have been finally settled. *Patel v. OMH Medical Center, Inc.*, 1999 OK 33, ¶ 22, 987 P.2d 1185, 1195. However, the settled-law-of-the-case doctrine is not controlling where the facts and issues are different in subsequent proceedings. *Wilson*, 1993 OK 98 at ¶ 12, 860 P.2d at 797. Because the facts and issues in the present case are not the same as those presented in *Burk I*, the

settled-law-of-the-case doctrine does not control this Court's decision.

¶ 12 At the time of *Burk I*, section 659 of title 11[3] allowed the city council to vacate a street when the city council deemed it necessary or expedient. However, the city council was not authorized to vacate a street for private use. Rather than pass an ordinance or resolution vacating N.W. 20th Street, the city council passed "a resolution directing the municipal counselor to approve as to the form of the purposed decree vacating Northwest 20th Street between Western Avenue and Classen Blvd." *Burk I*, 1973 OK 134 at ¶ 6, 522 P.2d at 616. The city council never took the actions necessary to vacate N.W. 20th Street.

¶ 13 Then, American Fidelity proceeded under the provisions of title 11, section 524 of the 1961 Oklahoma Statutes to have N.W. 20th Street vacated in the district court. *Id.* at ¶ 7, 522 P.2d at 616. Section 524 allowed a court to vacate a portion of a plat if the portion had "been enclosed and occupied adversely to the public for more than five years." In order to obtain the vacation, American Fidelity knowingly deceived the court by falsely alleging that the street had been enclosed and held adversely to the public for more than five years. *Id.* at ¶¶ 12, 32, 522 P.2d at 616, 619. This Court allowed the landowner to chose between the two remedies.

¶ 14 In contrast, it is uncontested that the city council has now properly vacated N.W. 20th Street under the provisions of section 42–111 of title 11 of the 1991 Oklahoma Statutes. Once Oklahoma City vacated N.W. 20th Street, Eaton had the right to immediately proceed with its petition to foreclose the right to reopen N.W. 20th Street. Okla. Stat. tit. 11, § 42–111 (1991).

---

**3.** Okla. Stat. tit. 11, § 659 (1961), provided:

The council, or other governing body, shall have the power to annul, vacate or discontinue, or grant to any public use any street, alley, lane, or easement within any legally platted city or town or addition thereto, whenever deemed necessary or expedient ... Provided further that any owner, or owners, of any real estate to which any street ... or any part thereof, has heretofore or

may hereafter revert by ... vacation ... within the corporate limits of any city or town may commence an action in the District Court of the county in which said real estate is situated, upon petition showing non-user by the public for five (5) years, and after the passage of an Ordinance or Resolution annulling, vacating or discontinuing such street. ...

¶ 15 Although *Burk I* would have been the settled law of the case and would have limited Eaton's options regarding N.W. 20th Street, Oklahoma City changed the facts and issues by allowing Eaton a third option when it granted Eaton's request to have N.W. 20th Street closed. In so doing, Oklahoma City knowingly allowed Eaton to exercise its right to petition the Court to foreclose Oklahoma City's right to reopen N.W. 20th Street. Thus, *Burk I* does not control our decision.

## IV. CONCLUSION

¶ 16 The settled-law-of-the-case doctrine did not preclude the district court from foreclosing Oklahoma City's right to reopen N.W. 20th Street. Thus, the district court's interlocutory is affirmed and the cause remanded for further proceedings.

CERTIFIED INTERLOCUTORY ORDER AFFIRMED; CAUSE REMANDED FOR FURTHER PROCEEDINGS.

¶ 17 WATT, C.J., LAVENDER, HARGRAVE, KAUGER, SUMMERS, BOUDREAU, WINCHESTER, JJ., concur.

¶ 18 OPALA, V.C.J., dissents from that part of the opinion which recasts the appeal into a certiorari proceeding without affording the parties full opportunity to brief the issue in advance of the court's ruling.