OSCN Found Document:MCCAMEY v. MEDICAL CENTERS OF OKLAHOMA, LLC

 
 
 

 
 
 
 
 
 
 
 

 


 
 
 
 
 
 


 
 OSCN navigation


 
 
 Home

 
 Courts

 
 
 Court Dockets
 

 
 Legal Research

 
 Calendar

 
 Help
 
 





 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 
 
 

 
 
 
 MCCAMEY v. MEDICAL CENTERS OF OKLAHOMA, LLC
2016 OK CIV APP 5
Case Number: 112531
Decided: 12/03/2015
Mandate Issued: 01/27/2016
DIVISION II
THE COURT OF CIVIL APPEALS OF THE STATE OF OKLAHOMA, DIVISION II
Cite as: 2016 OK CIV APP 5, __ P.3d __

 

THOMAS MCCAMEY, Plaintiff/Appellant,
v.
MEDICAL CENTERS OF OKLAHOMA, LLC, as successor by merger of Notami Hospitals of Oklahoma, Inc., d/b/a Tulsa Regional Medical Center, Defendant/Appellee.

APPEAL FROM THE DISTRICT COURT OF
TULSA COUNTY, OKLAHOMA

HONORABLE DAMAN H. CANTRELL, TRIAL JUDGE

REVERSED AND REMANDED FOR FURTHER PROCEEDINGS

Michael J. Edwards, MICHAEL J. EDWARDS, PLLC, Tulsa, Oklahoma, for Plaintiff/Appellant
Leslie C. Weeks, David A. Russell, Christina M. Wolfram, RODOLF & TODD, Tulsa, Oklahoma, for Defendant/Appellee Tulsa Regional Medical Center

JOHN F. FISCHER, PRESIDING JUDGE:

¶1 Jaime McCamey, personal representative of the estate of Thomas McCamey, appeals the order dismissing this action for failure to prosecute. Despite the lengthy history of this litigation, we find that dismissal was inappropriate and reverse.

BACKGROUND

¶2 Thomas McCamey filed his first petition on May 31, 2000 (Case No. CJ-2000-2606), alleging medical negligence during a 1996 surgical procedure conducted at the Tulsa Regional Medical Center.[1] On October 3, 2000, the district court dismissed the case without prejudice due to McCamey's failure to file an amended petition naming the proper party defendant. McCamey filed a motion to vacate the dismissal, and while his motion was pending he filed a new petition in Case No. CJ-2001-727. That action was dismissed for failure to serve all defendants. The Medical Center then asked the district court to dismiss the case with prejudice. The district court declined, transferring the case for consolidation with the 2000 case.

¶3 On February 12, 2002, McCamey's motion to vacate the 2000 case was granted. The 2001 case was found to be duplicative of McCamey's 2000 case and was dismissed on February 18, 2003, pursuant to an order directing all future pleadings to be filed in the 2000 case.

¶4 In January 2004, the 2000 case was dismissed because McCamey's counsel failed to appear at the pretrial conference. McCamey filed a new action on January 26, 2005 (Case No. CJ-2005-551), in which, essentially, he asserted the same claims and named the same parties as defendants. The 2005 case was treated as a re-filing of the 2000 case. The defendants also moved for dismissal for failure to comply with the Affordable Access to Healthcare Act, 63 O.S. Supp. 2003 §1-1708.1E. McCamey appealed, and in an Opinion issued by this Court in Case No. 102,439 on March 13, 2007, the district court's order dismissing the case on that basis was reversed and the case was remanded for further proceedings because the affidavit requirement in section 1-1708.1E had subsequently been declared unconstitutional in Zeier v. Zimmer, Inc., 2006 OK 98, 152 P.3d 861.

¶5 After remand, the Medical Center and the remaining doctor in the case filed a motion for summary judgment, arguing that McCamey's claim was now time barred. On December 8, 2008, the district court granted the motion for summary judgment and McCamey appealed. This Court, in Case No. 107,536, affirmed dismissal of the remaining individual defendant doctor but reversed the judgment in favor of the Medical Center. The case was remanded to the district court and mandate issued on July 25, 2011.

¶6 On November 7, 2011, McCamey's counsel filed a motion for a status and scheduling conference. A status conference was held on December 12, 2011, but reset for January 9, 2012, when the Medical Center did not appear. At the January status conference, a scheduling order was entered establishing various deadlines and setting a final pretrial conference for November 19, 2012. Although it was apparently unknown to counsel or the Medical Center during this time, Mr. McCamey had died on August 29, 2011. Counsel for the Medical Center discovered that fact and filed a suggestion of death on October 24, 2012.

¶7 On November 13, 2012, the Medical Center filed a motion to dismiss for failure to prosecute based on District Court Rule 9(b). Okla. Dist. Ct. R. 9(b), 12 O.S.2011, ch. 2, app. The Medical Center noted that McCamey had failed to file witness and exhibit lists by the September 14, 2012 deadline set in the January 9, 2012 scheduling order. The Medical Center also argued, in the alternative, that laches barred prosecution of the case. No response was filed within the fifteen-day time period set by the District Court Rules. See Okla. Dist. Ct. R. 4(e), 12 O.S.2011, ch. 2, app.

¶8 On January 28, 2013, Jaime McCamey was substituted for her deceased father as the plaintiff in this case. The parties appeared through their counsel at a status conference on March 18, 2013. A new scheduling order set a final pretrial conference date for November 18, 2013. On May 31, 2013, the district court, apparently sua sponte, ordered Jaime McCamey to respond within twenty days to the Medical Center's November 2012 motion to dismiss. When no response was filed, the district court dismissed the case without prejudice on July 22, 2013. However, because the May 31, 2013 order to respond was not mailed to the correct address for Jaime McCamey's counsel, the district court granted Jaime McCamey's motion to vacate the dismissal and allowed her to file a response. Her response did not change the result, and on January 3, 2014, the district court entered the following order: "[Medical Center's] motion to dismiss for failure to diligently prosecute is granted." Jaime McCamey appeals.

¶9 Although the Medical Center relied on District Court Rule 9(b) in its motion to dismiss, the district court did not specify the authority on which it relied in dismissing McCamey's case. Rule 9(b) states: "Where an action is not diligently prosecuted, the court may require the plaintiff to show why the action should not be dismissed. If the plaintiff does not show good cause why the action should not be dismissed, the court shall dismiss the action without prejudice." Okla. Dist. Ct. R. 9(b), 12 O.S.2011, ch. 2, app. We note that in Cornett v. Carr, 2013 OK 30, ¶ 13, 302 P.3d 769, Rule 9 was "stricken [in its entirety] from the Rules for the District Courts of Oklahoma." The Court stated that its decision "shall apply prospectively -- controlling only those cases currently pending or filed after the issuance of this opinion." Id. ¶ 14.

¶10 Cornett was issued on April 23, 2013, mandated on June 11, 2013, and, therefore, controls the district court's disposition of the Medical Center's Rule 9(b)-based motion to dismiss and our review of that disposition. However, although the Cornett majority struck Rule 9 in its entirety, it did so only because it found that the time limit for service of summons in Rule 9(a) directly conflicted with the statutory time limit specified in 12 O.S.2011 § 2004. Cornett did not address dismissal for failure to prosecute authorized by Rule 9(b), the portion of the Rule relied on by the Medical Center and at issue in Boston v. Buchanan, 2003 OK 114, 89 P.3d 1034. In fact, Cornett cites Boston for the proposition that the policy of this State is to encourage diligence in prosecution but resolution of litigation on the merits when reasonably possible. As the Boston Court noted, independent of the authority granted in Rule 9(b), the district court has the discretion to dismiss a case for failure to prosecute, and the discretion to dismiss an action for lack of diligence in prosecution is an aspect of a court's inherent power recognized at common law "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Boston, 2003 OK 14, n.9. The Boston Court also noted that Rule 9 rests on that inherent power. Id. ("To the extent that Rule 9 rests upon an exercise of this Court's inherent power, that language is construed according to previously articulated common-law standards, that is, an exercise of sound judicial discretion utilizing applicable court opinions, Constitution, and statutes."). Therefore, pronouncements in Boston regarding the facts and circumstances to be considered on appellate review of a dismissal for failure to prosecute remain relevant. And, if the district court reached the correct result, that result will be affirmed regardless of the basis for the decision. Jacobs Ranch, L.L.C. v. Smith, 2006 OK 34, ¶ 58, 148 P.3d 842. We therefore review the order appealed in light of the district court's inherent common-law power to control the disposition of the cases on its docket.

STANDARD OF REVIEW

¶11 The district court's inherent authority to dismiss an action includes dismissal because of a party's failure to timely prosecute a claim. Boston, 2003 OK 114, ¶ 35. The district court's decision on a motion to dismiss for failure to prosecute involves the exercise of judicial discretion. Kinter v. Baskin, 1974 OK 36, ¶ 4, 520 P.2d 679 ("A court has discretionary power to dismiss without prejudice a lawsuit for want of prosecution."). See also Baker v. Deichman, 1939 OK 327, ¶¶ 2, 4, 94 P.2d 246 (holding that the district court did not abuse its discretion in dismissing an action when, for a period of approximately seventeen years, the plaintiff had let the matter lie dormant).

¶12 Review for abuse of discretion "includes an appellate review of both issues of law and fact." Boston, 2003 OK 114, ¶ 16. An abuse of discretion occurs "when discretion is exercised to an end or purpose not justified by, and clearly against, reason and evidence. It is discretion employed on untenable grounds or for untenable reasons, or a discretionary act which is manifestly unreasonable." Patel v. OMH Med. Ctr., Inc., 1999 OK 33, ¶ 20, 987 P.2d 1185.

ANALYSIS

¶13 The subject of this litigation is alleged negligence occurring almost twenty years ago, and the case has been on file for more than fifteen years. However, all of the delay in bringing this case to trial cannot be fairly attributed to dilatory conduct by Thomas McCamey or his counsel. For example, during that time period the case was on appeal for more than three and one-half years, and McCamey was precluded from prosecuting his case in the district court during that time. Subject to exceptions not applicable here, "the long standing rule [is] that while an appeal is pending in the appellate courts, the district court is without jurisdiction to make any order materially affecting the rights of the parties to that appeal." Daniel v. Daniel, 2001 OK 117, ¶ 11, 42 P.3d 863. Further, during a significant portion of the time that McCamey was free to prosecute his case, the Medical Center engaged in a litigation strategy that resulted in dismissals of McCamey's action otherwise than on the merits, i.e., for failure to attach an affidavit (subsequently found not to be required) and failure to file within the statute of limitations. McCamey was required to appeal both of those rulings in order to preserve his action. There was nothing improper in the Medical Center's choice of litigation strategy. However, the Medical Center's contribution to the delay in the resolution of this case is proper for consideration when determining the diligence with which a case has been prosecuted. See B&M Int'l Trading Co. v. Woodie Ayers Chevrolet, Inc., 1988 OK 133, ¶ 14, 765 P.2d 782.

¶14 In addition, as Jaime McCamey correctly argues, after her father's death on August 29, 2011, and until she was substituted as the plaintiff on January 28, 2013, the district court's authority to proceed in this case was "suspended." Campbell v. Campbell, 1994 OK 84, ¶ 23, 78 P.2d 1037 (district court's authority suspended by party's death and any subsequent action taken by the court could only follow the substitution of the party by her representative). Consequently, the January 9, 2012 scheduling order, on which the Medical Center partially relies to show McCamey's failure to prosecute, was ineffectual to impose any pretrial deadline or requirement. Not even McCamey's counsel had "authority to represent" McCamey in the case, much less respond to the Medical Center's November 2012 motion to dismiss. Id. ¶ 24.

¶15 Further, we note that "the exercise of a court's inherent power to dismiss an action because of a party's delay in prosecuting that action is not determined solely by the passage of a particular period of time." Boston, 2003 OK 114, ¶ 36. A dismissal for failure to prosecute "should not be used against the momentarily negligent, but should be used to prod attorneys to bring cases to trial and to dismiss the truly dormant cases." Id. ¶ 19. It is apparent from this record that McCamey and his counsel could have done more to bring this case to trial. And it is not certain that at least some of their delay was more than momentary negligence. However, the dispositive issue in this appeal is whether that delay can be imputed to Jaime McCamey. We hold that it cannot. The "duty of the courts" is to give all litigants their "primary right" to "a reasonable opportunity to have their day in court, and to have their rights and liberties tried upon the merits." Beck v. Jarrett, 1961 OK 162, ¶ 10, 363 P.2d 215. The reasonableness of Jaime McCamey's opportunity to have this case tried on the merits must be determined based on her conduct of this litigation after she was substituted as the plaintiff.[2]

¶16 That is not to say that the status of this case and its lengthy litigation history are irrelevant to the "reasonable opportunity" determination. The "loss of evidence, death of witnesses or parties, or other developments, rendering it inequitable to continue permission to prosecute" are factors that may be considered. Baker v. Deichman, 1939 OK 327, ¶ 4, 94 P.2d 246. The Medical Center argues that such is the case here; it has been prejudiced by the delay and it would be inequitable to proceed.

¶17 The Medical Center points out that it scheduled McCamey's deposition on four occasions and each time the deposition was cancelled. As a result of McCamey's death, it has now been deprived of the opportunity to take his deposition. But the record shows that each of those depositions was scheduled prior to December 2003 and that the Medical Center appears to have agreed to one of those cancellations. The Medical Center offers no explanation for its inability to compel McCamey's deposition in the intervening eight years preceding his death. See e.g., 12 O.S.2011 § 3237(A) (motion for an order compelling discovery), and section 3237(E) (authorizing sanctions for a party's failure to attend a deposition).

¶18 The Medical Center further asserts that its ability to defend has been prejudiced because only two of its twenty-two employees, who potentially might have provided care to McCamey in 1996, are still employed. However, the Medical Center does not argue that it was prevented from preserving the testimony of those witnesses prior to the termination of their employment or that the testimony of the two witnesses still employed is insufficient to establish its defense. See 12 O.S.2011 § 3227 (authorizing the preservation of witness testimony pending appeal); 12 O.S.2011 § 3230 (authorizing a party to take the deposition of any person).

¶19 We note that the Medical Center appears to have access to McCamey's medical records relevant to the 1996 surgery. The Medical Center also has discovery responses from McCamey regarding the basis for his negligence claim, stating that he did not know or recall who placed the drain or when the drain was placed in his body. Although McCamey's death prevents the Medical Center from taking his deposition, it also precludes any "improving" this evidence by additional supporting testimony from McCamey.

¶20 The Medical Center has failed to show that despite the length of time this litigation has been pending, it has been prejudiced by the delay in the prosecution of this case to the extent that it would be inequitable to proceed. Nonetheless, as previously discussed, dismissal may be warranted based on the manner in which Jaime McCamey has conducted the prosecution of this case after her substitution as plaintiff.

¶21 Less than two months after she was substituted as the plaintiff in this case, Jaime McCamey's counsel appeared at a status conference at which a scheduling order was entered setting the final pretrial conference for eight months later. Rather than engage in the pretrial preparation necessary to be ready for trial on that date, the Medical Center pursued yet another attempt to have this case disposed of otherwise than on the merits. It was successful, forcing a third appeal and a third period of time during which the district court's jurisdiction to advance this case to trial was suspended and, notably, at a time when Jaime McCamey was "prepared to proceed with the case." Boston, ¶ 36. In administration of its docket, the district court exercises sound discretion when dismissing dormant and abandoned cases. See Campbell v. Pharr, 1995 OK CIV APP 153, ¶¶ 4-5, 916 P.2d 266 (discussing decisions from other jurisdictions and cited with approval in Boston, 2003 OK 114, ¶ 17). This case may be old, but it is not dormant, and it has not been abandoned by Jaime McCamey. The order dismissing this action is reversed.[3]

CONCLUSION

¶22 This case was dismissed for failure to prosecute eleven months after Jaime McCamey was substituted as the plaintiff in her deceased father's medical negligence action. The overriding policy in this State governing such matters emphasizes that "a party should not be denied a reasonable opportunity to have his or her case decided on the merits." Id. ¶ 19. That is a primary right which this record does not show Jaime McCamey has relinquished by her conduct of this litigation. The order dismissing this case is reversed, and the matter is remanded for further proceedings.

¶23 REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.

GOODMAN, V.C.J., concurs, and RAPP, P.J. (sitting by designation), concurs specially.

RAPP, P.J. (sitting by designation), concurring specially:

¶1 I concur fully in the Majority's Opinion. The Majority is correct in reversing and in finding the trial court abused its discretion.

¶2 I note that the trial court relied on District Court Rule 9. Rule 9 was stricken on April 23, 2013. The trial court should have been aware of the status of Rule 9. Thus, the trial court erred by making a ruling based on this former District Court Rule.

¶3 I agree that the trial court has authority to dismiss a petition upon failure to prosecute in a timely manner. I also recognize that the trial court, if it reaches the correct decision for the wrong reason, will be affirmed. Here, the trial court apparently felt that the length of the litigation was due to Plaintiff's failure to diligently prosecute and made its ruling based on the stricken District Court Rule 9.

¶4 The Majority correctly pointed out that the Medical Center's vigorous defense caused a substantial portion of the delay. Apparently, Medical Center hoped to wear down Plaintiff and exhaust Plaintiff's money and patience. Medical Center's delays resulted in Plaintiff incurring additional expenses. As a result of the delays, the trial court did not set a jury trial and decedent was deprived of a verdict during his lifetime.

 

FOOTNOTES

[1] Although McCamey sued other entities and individual defendants during the course of this litigation, Tulsa Regional Medical Center is the sole remaining defendant in this action.

[2] By striking Rule 9 in its entirety, the previously recognized "two-step" process requiring the plaintiff to show good cause for not dismissing a case has been eliminated. See Nelson v. Mercy Health Ctr., Inc., 2010 OK CIV APP 101, ¶ 13, 241 P.3d 276; Bicknell v. Randolph, 2005 OK CIV APP 7, ¶ 6, 105 P.3d 843. Therefore, to the extent that factor remains relevant, it is only as an aspect of the discretion exercised by the district court pursuant to its inherent authority to control its docket.

[3] Our disposition on this basis makes it unnecessary to consider the other assignments of error raised by Jaime McCamey in this appeal.






 Citationizer© Summary of Documents Citing This Document
 
 
 Cite
 Name
 Level
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 Cite
 Name
 Level
 
 
 Oklahoma Court of Civil Appeals Cases
 Cite
Name
Level

 2005 OK CIV APP 7, 105 P.3d 843, BICKNELL v. RANDOLPH
Discussed
 1995 OK CIV APP 153, 916 P.2d 266, 67 OBJ 1619, Campbell v. Pharr
Discussed
 2010 OK CIV APP 101, 241 P.3d 276, NELSON v. MERCY HEALTH CENTER, INC.
Discussed
Oklahoma Supreme Court Cases
 Cite
Name
Level

 1988 OK 133, 765 P.2d 782, 59 OBJ 3225, B & M Intern. Trading Co. v. Woodie Ayers Chevrolet, Inc.
Discussed
 1939 OK 327, 94 P.2d 246, 185 Okla. 452, BAKER v. DEICHMAN
Discussed at Length
 1994 OK 84, 878 P.2d 1037, 65 OBJ 2437, Campbell v. Campbell
Cited
 2001 OK 117, 42 P.3d 863, 72 OBJ 3708, DANIEL v. DANIEL
Discussed
 1961 OK 162, 363 P.2d 215, BECK v. JARRETT
Discussed
 1974 OK 36, 520 P.2d 679, KINTER v. BASKIN
Discussed
 2003 OK 14, 65 P.3d 277, IN THE MATTER OF THE APPLICATION OF EATON ENTERPRISES
Cited
 2003 OK 114, 89 P.3d 1034, BOSTON v. BUCHANAN
Discussed at Length
 2006 OK 34, 148 P.3d 842, JACOBS RANCH, L.L.C. v. SMITH
Discussed
 2006 OK 98, 152 P.3d 861, ZEIER v. ZIMMER, INC.
Discussed
 2013 OK 30, 302 P.3d 769, CORNETT v. CARR
Discussed
 1999 OK 33, 987 P.2d 1185, 70 OBJ 1353, Patel v. OMH Medical Center, Inc.
Discussed
Title 12. Civil Procedure
 Cite
Name
Level

 12 O.S. 2004, 12 O.S. 2004, Process
Cited
 12 O.S. 3227, Depositions Before Action or Pending Appeal
Cited
 12 O.S. 3230, 12 O.S. 3230, Depositions Upon Oral Examination
Cited
 12 O.S. 3237, 12 O.S. 3237, Failure to Make or Cooperate in Discovery - Sanctions
Cited
Title 63. Public Health and Safety
 Cite
Name
Level

 63 O.S. 1-1708.1E, Repealed by Laws 2013, 1st Extr. Sess., SB 1, c. 12, § 6
Discussed